## Hugo Brand Tannery, Inc., Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 27351.   Promulgated September 16, 1953.

*O. L. Tucker, Esq.,* and *Barry S. Cohen, Esq.,* for the petitioner.
*John A. Clark, Esq.,* for the respondent.

992

996

OPINION.

OPPER, *Judge:* There appears to be no quarrel as to petitioner's qualification for relief under section 722 (b) (4). Indeed, literal conformity to the requirements of that section could scarcely be more evident. Petitioner officially commenced business within the "base period," on October 5, 1939, to be precise, and so near to its close that despite respondent's efforts, it seems difficult to deny that with an income of but $434.54 it had not reached its normal earning capacity by the end of its last base period year.[1]

It is rather the size of the reconstructed income, and its relationship to an invested capital credit, to which petitioner was permitted to resort under section 714 in filing its returns, that constitutes the real issue. Only if its income credit under the reconstruction will be of greater benefit than the credit it thus automatically acquires can there be relief under section 722. *Green Spring Dairy, Inc.,* 18 T. C. 217; *Block One Thirty-Nine, Inc.,* 17 T. C. 1364.

In weighing the various factors involved, we have, as our ultimate finding of fact, arrived at a constructive average base period net income which grants petitioner some relief but not in anything like the size claimed by it. We regard respondent's estimates as too low. The goatskin market during the base period might have been increased had petitioner's cheaper, more flexible, and more speedily procurable product been available. But without looking to actual events subsequent to 1939, see *Southern California Edison Co.,* 19 T. C. 935; *Del Mar Turf Club,* 16 T. C. 749, only approximations are possible as to the time and extent of petitioner's success with its experimentation on its new tannery processes, as to the scope and enthusiasm of any promotion campaign conducted on behalf of its products, and possibly as to the costs, both direct and indirect, of its operations.

---

[1] Section 722 (b). * * * The tax computed under this subchapter * * * shall be considered to be excessive and discriminatory * * * if its average base period net income is an inadequate standard of normal earnings because—

* * * * * * *

(4) The taxpayer either during or immediately prior to the base period commenced business * * * and the average base period net income does not reflect the normal operation for the entire base period of the business. * * *

Under the 2-year anticipation of the "push-back" rule,[2] all these and other material factors must be considered against an economic background very different from the wartime activity existing during the actual events. The figure we have found is the best we have been able to arrive at, taking into account all relevant elements. See *Fishbeck Awning Co.*, 19 T. C. 773; *Radio Shuck Corporation*, 19 T. C. 756; *National Grinding Wheel Co.*, 8 T. C. 1278.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*

---

[2] Section 722 (b) (4). * * * If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business * * * two years before it did so, it shall be deemed to have commenced the business * * * at such earlier time. * * *