**PACKER PUB. CO.**

v.

**COMMISSIONER OF INTERNAL
REVENUE.**

No. 14678.

United States Court of Appeals,
Eighth Circuit.

April 15, 1954.

Charles C. Shafer, Jr., Kansas City, Mo. (Lancie L. Watts, Kansas City, Mo., on the brief; Watts & Shafer, Kansas City, Mo., of counsel), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.

COLLET, Circuit Judge.

The Packer Publishing Company duly filed its excess profits tax returns for the years 1943, 1944 and 1945. In those returns it did not claim any adjustments under § 711(b) (1) (J) of the Internal Revenue Code, 26 U.S.C.A. § 711.[1] In due time it made claims for refunds under § 711 for all three years. These claims were allowed in part by the Commissioner by stipulation. The taxpayer did not then nor does it now criticize the stipulated allowance. Thereafter, it filed claims for relief and refunds for each of the three years under § 722 of the Internal Revenue Code, 26 U.S.C.A. § 722. The Commissioner disallowed the claims under § 722.

Upon petition by the taxpayer to the Tax Court, that court allowed a portion of the claims by decision reported in Packer Publishing Co. v. Commissioner of Internal Revenue, 17 T.C. 882. The claims based on § 711 having been settled by stipulation between the taxpayer and the Commissioner, neither pleaded the basis for the stipulated allowance in the § 722 proceedings before the Tax Court. The exhibits filed in the Tax Court, made a part of the petition addressed to that court, showed, however, that an allowance had been made under § 711 and the calculations and computations in those exhibits were based upon that stipulated allowance. When the Tax Court granted relief under § 722 it directed that the Commissioner and the taxpayer undertake to make the computation of the amount of refund due and submit the result to the court. This pursuant to the Tax Court's Rule 50. When the Commissioner and the taxpayer undertook to do so, the Commissioner took the position that the taxpayer could not be entitled to relief under both § 722 and § 711 and, since the court had directed relief under § 722, the Commissioner eliminated from consideration the relief theretofore granted by stipulation under § 711. The taxpayer contended that it was entitled to both. Each submitted to the court, under Rule 50, computations based upon its respective position. The dispute was heard by one judge of that court. The record shows that the judge concluded that the court was without jurisdiction to consider whether the taxpayer was entitled to any relief under § 711 in a proceeding for relief under § 722. This decision was made without inquiry into the basis for the claimed relief under § 711. Judgment was entered for the taxpayer upon the computation submitted by the Commissioner. That computation was correct if relief under § 722 necessarily and automatically excluded any relief under § 711. If that premise is not correct, the taxpayer has been denied the relief granted by the Commissioner by stipulation without any opportunity to be heard thereon by the Tax Court.

Also presented to the Tax Court in the § 722 proceeding was a claim for adjustment in the event relief was granted under § 722. Briefly, that claim was based upon the fact that one of the taxpayer's executives was paid upon a bonus agreement, the bonus to be a stipulated portion of net profits after taxes. If relief was granted under § 722, the taxes would be lower and the bonus greater.

---

1. Since the pertinent portions of § 711 will be referred to later, they are not set out here.

The claim was that the greater compensation to be paid the executive, in the event the bonus was automatically increased as a result of relief being granted under § 722, be treated as operating expense and the increase deducted from the taxable income of the corporate taxpayer. The Tax Court refused to consider this claim on the ground that it was without jurisdiction to grant such relief in a § 722 proceeding.

The Commissioner now seeks to sustain the Tax Court's judgment upon the grounds that: (1) the Tax Court's judgment is not reviewable and the Commissioner's motion to dismiss on that ground should be sustained; (2) that if it is reviewable the judgment is correct, because in a § 722 proceeding the Tax Court's jurisdiction is strictly limited to issues arising under § 722 alone; (3) that the taxpayer did not plead the grounds upon which it was claiming the relief theretofore administratively granted by stipulation under § 711 and hence such relief could not be considered in the § 722 proceeding; (4) that in its petition for review of the Tax Court's judgment the taxpayer did not include in the errors assigned or points stated therein any reference to its claim to an increased deduction on account of the increased bonus compensation in the nature of salary to its executive. A motion was addressed to this court, prior to docketing and submission of this cause, for leave to include this additional point for presentation to this court. At that time the motion was denied without prejudice to its renewal at the time of argument and submission. It has been renewed and is before us for determination with the case.

The Commissioner's motion to dismiss is based upon § 732(c), which is as follows:

"(c) Finality of determination. If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the de-

termination of such question shall not be reviewed or redetermined by any court or agency except the Board." 26 U.S.C.A. § 732(c).

Broadly and generally stated, both § 722 and § 711 deal with determining the normal income base to be used for purposes of comparison with the income for the tax year in question in order to determine the excess profits for a given year which were earned in addition to the normal or base period earnings. This for the purpose of determining the tax for that year. The provision of § 722 under which the Tax Court granted relief is § 722(b) (4), reading as follows:

"(b) Taxpayers using average earnings method. The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because—

"(4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purposes of this subparagraph, the term 'change in the character of the business' includes a change in the operation or management of the business, a difference in the products or services furnished, a difference in the ca-

pacity for production or operation, a difference in the ratio of nonborrowed capital to total capital, and the acquisition before January 1, 1940, of all or part of the assets of a competitor, with the result that the competition of such competitor was eliminated or diminished. Any change in the capacity for production or operation of the business consummated during any taxable year ending after December 31, 1939, as a result of a course of action to which the taxpayer was committed prior to January 1, 1940, or any acquisition before May 31, 1941, from a competitor engaged in the dissemination of information through the public press, of substantially all the assets of such competitor employed in such business with the result that competition between the taxpayer and the competitor existing before January 1, 1940, was eliminated, shall be deemed to be a change on December 31, 1939, in the character of the business, or * * *."

Section 711(b)(1)(J), 26 U.S.C.A. § 711, under which relief was granted administratively by stipulation and later withdrawn by the Commissioner after the Tax Court had granted relief under § 722, is as follows:

"(b) Taxable years in base period.

"(1) General rule and adjustments. The excess profits net income for any taxable year subject to the Revenue Act of 1936 shall be the normal-tax net income, as defined in section 13(a) of such Act; and for any other taxable year beginning after December 31, 1937, and before January 1, 1940, shall be the special-class net income, as defined in section 14(a) of the applicable revenue law. In either case the following adjustments shall be made * * *.

"(J) Abnormal deductions. Under regulations prescribed by the Commissioner, with the approval of the Secretary, for the determination, for the purposes of this subparagraph, of the classification of deductions—

"(i) Deductions of any class shall not be allowed if deductions of such class were abnormal for the taxpayer, and

"(ii) If the class of deductions was normal for the taxpayer, but the deductions of such class were in excess of 125 per centum of the average amount of deductions of such class for the four previous taxable years, they shall be disallowed in an amount equal to such excess." 26 U.S.C.A. § 711(b)(1)(J).

■ It is obvious, from the above quoted portions of § 722 and § 711 that the application of the formulae for determining normal or base period income is a complicated process. Reference to the remainder of both sections not quoted herein makes that fact more certain. It is safe to say from the proceedings in Congress incident to the enactment of § 732(c) and the language of the latter section, heretofore quoted, that the congressional intent and purpose was to provide that the application of the formulae set out in § 722 and § 711 (and § 721, not now directly involved) should be finally reviewed by the experts in that field,—the Tax Court. The Commissioner contends that such finality of review by the Tax Court extends not only to the ascertainment of whether the facts in a particular case warrant relief under those sections, but also to the legal construction of those sections for the purpose of determining whether relief granted under § 722 automatically precludes and is in lieu of any and all relief which is provided for by § 711. The cases of Colonial Amusement Co. v. Commissioner, 3 Cir., 173 F.2d 568; Colorado Milling & Elevator Co. v. Commissioner, 10 Cir., 205 F.2d 551; George Kemp Real Estate Co. v. Commissioner, 2 Cir., 182 F.2d 847; James F. Waters, Inc., v. Commissioner,

9 Cir., 160 F.2d 596, are cited in support of that position.

An examination of these authorities discloses that neither of them holds that a review of the question presented here is barred by § 732(c). In each of those cases the question determined by the Tax Court was whether, under the facts, relief under § 721, § 722, or § 711 was appropriate. It is true that in the Kemp case the court stated that the language of § 732(c) "forbids any judicial review, whether of fact or law." [182 F.2d 849.] But that statement was made in answer to a contention that § 732(c) should not be construed to forbid appellate review of questions of law when there were no *disputed* questions of fact. That presented an entirely different situation from that which is before us. There the facts were before the Tax Court. They were considered and the formulae of § 721 and § 722 were applied by that court with the result that it was determined the facts justified no relief under the law. Here the Tax Court declined to consider whether relief was appropriate under § 711, not because the facts did not justify relief, but because that court concluded the proper judicial construction of § 722 and § 711 must result in a holding that the granting of any relief under § 722 automatically precluded any consideration of relief under § 711, and hence no consideration could be given a claim for relief under § 711 in a § 722 case. That decision involved solely the judicial construction of the statute. It did not involve to any extent the determination of whether the formula of the statute, applied to the facts by the experts, justified or did not justify relief. The facts were not before the court and the taxpayer was prevented from presenting them by the court's construction of the statutes. Such a decision of the Tax Court is not within the purview of the prohibition of § 732(c). Cf. Dowd-Feder, Inc., v. Commissioner, 6 Cir., 173 F.2d 673; Stimson Mill Co. v. Commissioner, 9 Cir., 163 F.2d 269.

We are not confronted with the necessity of determining the propriety of a denial of relief by the Tax Court under § 711 upon the ground that such relief, if any was merited, was included in the relief given under the broad scope of § 722, or upon any other ground involving the merits or the facts upon which a claim under § 711 is based. As we have undertaken to make clear, our problem is to determine whether the Tax Court was precluded by § 722 and § 711 from entertaining jurisdiction of the merits of the claim made and granted by stipulation under § 711 in a proceeding instituted under § 722.

Granting that both sections are relief provisions and are to be strictly construed to the end that the relief intended should not be extended beyond the clear intent of the law as written, yet such construction should not be unreasonable or arbitrary.

In Mutual Lumber Co. v. Commissioner, 16 T.C. 370, the Tax Court held (with three judges dissenting) that in a case arising under § 722 it had no jurisdiction to consider an issue other than one arising under § 722. In H. Fendrich, Inc., v. Commissioner, a similar ruling was made. The latter case was reversed in H. Fendrich, Inc., v. Commissioner, 7 Cir., 192 F.2d 916, decided November 16, 1951. In the case of City Machine & Tool Company v. Commissioner, 6 Cir., 194 F.2d 535, decided February 22, 1952, the Tax Court had followed the rule it announced in Mutual Lumber Co. v. Commissioner and H. Fendrich, Inc., v. Commissioner. The Commissioner confessed error and the Court of Appeals (6 Cir.) reversed, following H. Fendrich, Inc., v. Commissioner (7 Cir.).

In the case of Jefferson Amusement Co. v. Commissioner, 18 T.C. 44, decided April 9, 1952, and East Texas Theatres v. Commissioner, 19 T.C. 615, decided December 31, 1952, the Tax Court followed the decisions of the Courts of Appeals for the Sixth and Seventh Circuits in the City Machine & Tool Company and the Fendrich cases.

The hearing on the merits of the claim under § 722 was held in November, 1950. The record appears to have been closed April 9, 1951. Although the findings and opinion were not filed until November, 1951, apparently that opinion was rendered before the decision of the Fendrich case, November 16, 1951. When the hearing was held in March, 1952, by the trial judge, on the dispute arising at the conference of the parties under Rule 50, the hearing judge considered the Fendrich case but concluded that the Mutual Lumber case, supra, was the law of this case, the opinion of the Tax Court in the § 722 case having been theretofore filed. Whether the trial judge should have reached that conclusion is of no present importance, for we must now determine the correctness of the judgment of the Tax Court and the decision reached in the Fendrich and City Machine & Tool Company cases, supra, by the Courts of Appeals for the Sixth and Seventh Circuits. We find no fault with those cases. The principle decided in both is correct and controlling here. In both of them those courts reached the conclusion that the Tax Court had jurisdiction to consider issues arising under other parts of the Internal Revenue Code in a proceeding arising under § 722.

The argument is made by the Commissioner that the facts showing the grounds upon which relief was sought (and which had been granted by stipulation) under § 711 should have been pleaded by the taxpayer in its petition to the Tax Court for relief under § 722, and not being pleaded, no relief could be granted under § 711. The taxpayer contends that since the relief under § 711 had been granted by the Commissioner and was no longer in dispute, if the Commissioner considered that relief a bar to or a duplication of the relief sought in the petition for § 722 relief, that fact should have been pleaded as an affirmative defense by the Commissioner and that not having been done, any such defense is now waived.

We are not impressed with the value or desirability of making hard and fast pronouncements concerning procedural practices which experience has taught and formal rules of procedure contemplate should be left sufficiently elastic to enable trial courts to exercise a large degree of discretion in the administration of substantial justice. Formal rules of procedure are necessary and desirable in order that litigants may have an authoritative guide in a proper course to be safely followed to obtain a determination of the merits of their controversy. They should not be made the means of entrapping a litigant, whereby he loses his opportunity to present his cause on its merits. The Tax Court did not do this. It did not reach the question. Since the cause must be remanded, it is sufficient for present purposes to observe that if the formal pleading of additional facts be deemed necessary by the Tax Court for the clarification and presentation of this issue, leave should be granted to make appropriate amendment to the pleadings.

From what has already been said it must follow that the taxpayer's motion for leave to include in the errors assigned the point that the Tax Court had jurisdiction to pass upon the claim for an increased deduction on account of an increase in the compensation of the taxpayer's executive should be granted. It is granted. We agree with the statement of the Senate Finance Committee and the Court of Appeals for the Seventh Circuit in H. Fendrich, Inc., v. Commissioner, 192 F.2d 916, 920, that:

"'* * * it is essential that all such issues be decided by one group familiar with the problems involved. Only by this method can a consistent and uniform application of the principles established be assured in all cases. At the same time there is provided [by the statute] flexible machinery to coordinate cases involving both relief and abnormality issues as well as other questions.'"

The petitioning taxpayer requests that we direct the entry of a judgment allowing the relief claimed under § 711. A consideration of the merits of that claim and the facts upon which it is based, in the light of the relief granted under § 722, is essential to a determination of whether relief under § 711 is appropriate, in addition to that granted under § 722. That is for the Tax Court to determine, both from necessity in this case, and also because of the direction of the statute.

For the reasons stated, the cause is remanded to the Tax Court for its determination of the taxpayer's right to relief under § 711, and the propriety of an additional deduction on account of an increase in the compensation of the taxpayer's executive, occasioned by the decrease in taxes resulting from such relief as may be granted by the Tax Court.