AINSWORTH MANUFACTURING CORPORATION, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25767. Filed May 6, 1955.

*Robert S. Marx, Esq., Lawrence I. Levi, Esq.,* and *Herbert N.
Weingarten, Esq.,* for the petitioner.
*William T. Holloran, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge:* The parties filed computations under Rule 50 at
this docket number pursuant to the Findings of Fact and Opinion at
23 T. C. 372. They are in accord as to the years 1942, 1943, and 1944
but they disagree as to 1941. The Commissioner in his computation
computed the excess profits credit for 1940 on the basis of actual
average base period net income and carried over to 1941 the unused
portion thereof. The petitioner takes the position that the same con-
structive average base period net income which the Court held appli-
cable to the taxable years must also be applied to the year 1940 in deter-
mining the unused excess profits credit of that year which may be
carried over to the year 1941, and the computation filed by it uses that
method.

The petitioner, in its applications for relief for 1941, claimed an
unused excess profits credit carry-over from 1940 to 1941 computed
on the basis of constructive average base period net income. The Com-
missioner's sole contention is that the taxpayer should have pleaded
the point as an issue if it wanted the Court to sustain that part of its
claim. He says that had it been pleaded he would have contested the
amount under the variable credit rule, and he cites the decisions of
this Court under Rule 50 in *Hugo Brand Tannery, Inc.,* 20 T. C. 990,
Docket No. 27351; *Punch Press Repair Corporation,* 21 T. C. 223,
Docket No. 32579; and *Charis Corporation,* 22 T. C. 191, Docket No.
18441.

The Commissioner has recognized in this case that the petitioner is
entitled to a carry-over of an unused excess profits credit from 1940 to
1941 and has computed and allowed one, even though he finds no

pleading to support it. Thus his contention necessarily narrows to this: A taxpayer who has claimed a carry-over, based upon constructive average base period net income, in his application for relief under section 722 (b) (2), can have one computed under Rule 50 on actual base period net income routinely as a matter of right in the absence of pleadings in its petition but can have it computed upon the constructive average base period net income determined by the Court for the taxable years only if it raises the point by an assignment of error in its petition. His refusal to compute a carry-over on constructive average base period net income was sustained by this Court in the three cited cases. However, the qualification for relief in all of those cases was under some provision of section 722 (b) (4) to which the variable credit rule of Regulations 112, section 35.722–3 (d) could apply and thus evidence was necessary to show whether and to what extent the credit under the constructive average base period net income would be eliminated under that rule, an assignment of error with supporting allegations of fact would be necessary to permit the parties properly to try the issue of the amount of the credit and the unused portion thereof, if any, and the Court for those reasons properly held for the Commissioner in the absence of pleadings, proof, and trial on the issue of amount. Cf. *Nielsen Lithographing Co.*, 19 T. C. 605, 614.

Here there is no such necessity and the carry-over is only a mathematical computation from figures in evidence. The Court based the relief in this case upon qualification under section 722 (b) (2). The Commissioner has never suggested in his regulations or published rulings that any relief under that section is subject to the variable credit rule and he has not demonstrated in his argument here that it actually could have any application to this case. See Regs. 112, sec. 35.722–2 (b) (9). His action on the point under discussion appears to be arbitrary and without proper basis. Decision has been entered in accordance with the petitioner's computation. Cf. *Packer Publishing Co.*, 17 T. C. 822, 898, reversed on other grounds 211 F. 2d 612; *Lockhart Creamery*, 17 T. C. 1123, 1140.

Reviewed by the Special Division.