**MARTIN WEINER CORPORATION**
(Formerly Wohl Fabrics Co.),
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 178, Docket 23189.

United States Court of Appeals
Second Circuit.

Argued March 10, 1955.

Decided May 19, 1955.

Rehearing Denied June 13, 1955.

Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before MEDINA and HINCKS, Circuit Judges, and BURKE, District Judge.

HINCKS, Circuit Judge.

This is a petition to review a decision of the Tax Court reported in 21 T.C. 470. The sole question raised on review is whether the Tax Court has jurisdiction, on a petition for relief under Section 722 of the Internal Revenue Code of 1939, 26 U.S.C. § 722, not only to afford relief under Section 722 but also to decide and give effect to so-called "standard issue adjustments" arising under other sections of the Excess Profits Tax Acts of World War II, IRC, Chapter 2, Subchapter E, Sections 710–736, 26 U.S.C. §§ 710–736. It was undisputed that petitioner was overassessed in the amount of $11,088.77 on its 1942 Excess Profits Tax. The Tax Court entered an order allowing the petitioner's claim in the amount of $6,442.32 of that amount under Section 722, but held, with five judges dissenting, that it was without jurisdiction to decide whether petitioner was entitled to the balance of $4,646.45 for which the petitioner claimed a refund, under other sections of the Excess Profits Tax Act.

The petitioner contended on review that even as to the claimed overpayment of $4,646.45 it was entitled to relief under Section 722 without resort to other sections of the Excess Profits Tax laws. If this contention had been sustained by the Tax Court, that of course would have obviated this review. But as the Tax Court noted in its opinion, the petitioner abandoned this contention at the hearing below. Since, as a result, the Tax Court has not dealt with that contention on the merits, we think we should not assume to pass upon its merits on this appeal. We must, therefore, deal with the jurisdictional question presented.

That question had previously come before the Tax Court in the case of Mutual Lumber Co., 16 T.C. 370. There,

Marvin Lyons, Benjamin Nadel, James A. Levitan, New York City, for petitioner.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Harry

with six judges dissenting, the Tax Court came to the same result as that reached by it in the instant case. No petition to a Court of Appeals was taken from that judgment presumably because of the small amount involved. But on the basis of the opinions in that case, a similar case, H. Fendrich, Inc., 16 T.C. 370, was similarly decided on the same day. On review by the Court of Appeals for the Seventh Circuit, the Tax Court decision in the Fendrich case on the jurisdictional point was reversed in a considered opinion. H. Fendrich, Inc. v. C. I. R., 7 Cir., 192 F.2d 916. The question came up again in City Machine and Tool Co. v. C. I. R., 21 T.C. 937, which the Tax Court also had decided in accordance with its opinion in Mutual Lumber. On review by the Court of Appeals for the Sixth Circuit, the Commissioner confessed error and the Tax Court decision was reversed. 194 F.2d 535. In Claremont Waste Mfg. Co. v. Commissioner, the Tax Court also followed its majority opinion in Mutual Lumber and on review the Commissioner again confessed error and the decision was reversed by the Court of Appeals of the First Circuit, 222 F.2d 959.

In Packer Publishing Co. v. Commissioner, 17 T.C. 882, by findings and opinion promulgated by a unanimous court on November 28, 1951, the Tax Court again followed its holding in Mutual Lumber Company. No reference in its opinion was made to the opinion of the Court of Appeals for the Seventh Circuit in Fendrich which had been filed only a fortnight previous. Subsequently, the same question was presented to the Tax Court in the case now under review before us, 21 T.C. 470, and also in West Flagler Amusement Company, Inc., v. Commissioner, 21 T.C. 486, and in Pittsburgh and Weirton Bus Co. v. Commissioner, 21 T.C. 888. The Tax Court in its majority opinion in the instant case, promulgated in January 1954, noted the opinion of the court in the Seventh Circuit in the Fendrich case, saying: "We have carefully considered the Court's opinion in that [Fendrich]

case but are not convinced by it that we erred in the Mutual Lumber Co. case, supra, and, therefore, feel that we should follow our decision in Mutual Lumber Co." No reference was made in the majority opinion to its decisions in City Machine and Tool and Claremont Waste cases which had been earlier reversed in the Sixth and First Circuits on a confession of error by the Commissioner. Apparently the majority of the Tax Court in the instant case felt that it should not disturb the Mutual Lumber rule when only a single court of appeals had considered the jurisdictional point involved on the merits uninfluenced by a confession of error.

In apparent deference to this position of the Tax Court, as other cases came on for review the Commissioner abstained from confessing error with the result that in each such case the question was considered by the appellate courts on the merits. By considered and unanimous opinions, the Tax Court decision in Packer Publishing Co. v. Commissioner of Internal Revenue, was reversed in the Eighth Circuit, 211 F.2d 612; its decision in Pittsburgh and Weirton Bus Co. was reversed in the Fourth Circuit, 219 F.2d 259. And a similar decision in Willys-Overland Motors, Inc., v. C. I. R., 219 F.2d 251, was reversed in the Sixth Circuit, also in a considered opinion no confession of error having been made in that case.

After considering the content of these opinions against the opinions of the Tax Court in the Mutual Lumber Company case, we too are convinced that the result reached in that case was erroneous. We are in accord with the reasoning of the appellate opinions in the Fendrich, Packer and Pittsburgh and Weirton Bus cases and with the dissenting opinions of the Tax Court in Mutual Lumber and in the instant case.

■ Holding, therefore, that on the jurisdictional point the Tax Court erred, the question arises whether we should remand the proceedings for a determination by the Tax Court of the so-called "standard issue adjustments." The

Commissioner's memorandum indicates that the only basis for his opposition to the allowance of $4,646.45 as a standard issue adjustment is the impact of the statute of limitations contained in IRC Section 322, 26 U.S.C. § 322. That section, in subdivision (d), provides "No such credit or refund shall be made of any portion of the tax unless the Board (i. e. the Tax Court) determines *as part of its decision* (1) that such portion was paid" within alternative times specifically defined. (Emphasis supplied.) Before us, the Commissioner has not attempted to support the merit of his contention that the claim for a standard issue adjustment is barred. He only suggests "that the appropriate course for this Court to follow—in the event that it should decide to reverse the Tax Court on the jurisdictional question—is to remand to the Tax Court with directions to consider and decide the issue which it has thus far refused to decide." The petitioner, on the other hand, vigorously contends that on underlying facts already found by the Tax Court we may, and should in the interest of prompt justice, as a matter of law either ourselves make the determination required by the above quoted extract from Section 322 or categorically direct the Tax Court to do so. It suggests that authority for such action may be found in our decision of Scovill Mfg. Co. v. Fitzpatrick, 2 Cir., 215 F.2d 567.

We have considerable sympathy for the petitioner's position on this aspect of the case especially since the merit of the Commissioner's defense to the claim, in so far as we have been given a preview of his position, seems over-technical. However, the situation here differs from that in the Scovill Mfg. Co. case, supra, in that here we are confronted with a statute requiring not only a "determination" by the Tax Court but also one made by it *"as part of its decision"*. This requirement, we think, would not be satisfied by a determination based on findings not utilized in a decision on the merits of the asserted statutory bar. Conceivably, if the Tax Court had taken jurisdiction to decide the claim it might have desired to amplify or refine its findings relevant to the asserted statutory bar. Moreover, a present determination by us would foreclose the Commissioner from his right to be heard on the merits of that defense.

Reversed **as** to the ruling that the court below was without jurisdiction to decide the petitioner's claim for a refund of $4,646.45 attributable to standard issue adjustments and remanded with a direction that in such further proceedings as shall be deemed appropriate the court below shall decide the allowability of that claim. In all other respects, the decree below is affirmed.

### On Rehearing

PER CURIAM.

The petitioner says that we were mistaken when, relying on the opinion below, 21 T.C. 470, we said that it had abandoned in the Tax Court its claim for § 722 relief as to $4,646.45 of the overassessment of its 1942 excess profits tax.

Whether right or wrong in our belief as to abandonment, it seems clear that the Tax Court has not addressed itself to the availability of § 722 relief for the $4,646.45 portion of the overassessment: instead, it seems to have assumed that relief for that portion of the overassessment was available, if at all, only under other sections of the Revenue Code. We assume that if, upon the remand, the Tax Court should conclude that the taxpayer may not recover the $4,646.45 as an overassessment attributable to "standard issue adjustments," it will pass upon the question of the independent availability of relief as to this amount under § 722. Until that has been done and all rulings essential to a determination of the controversy have been unequivocally made, we think that the case is not in such posture that we may properly express ourselves on the merits.

Petition denied.