**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**The S. FRIEDER & SONS COMPANY, Respondent.**

No. 11625.

United States Court of Appeals Third Circuit.

Argued Nov. 2, 1955.

Filed Dec. 28, 1955.

Harry Marselli, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Special Assts. to the Atty. Gen. on the brief), for petitioner.

Samuel H. Levy, Philadelphia, Pa., Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa. (Bernard Wolfman, Philadelphia, Pa., on the brief), for respondent.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This litigation originated in the Tax Court as a proceeding, under Section 732 of the Internal Revenue Code of 1939, initiated by the taxpayer for a redetermination of its excess profits tax liability for 1944 in order to obtain "abnormality" relief under Section 722, 26 U.S. C.A. §§ 722, 732. The Commissioner now is asking that we review an order entered in that proceeding granting a motion to strike from his answer to the taxpayer's petition a claim of an excess profits tax deficiency for the taxable year. In terms, the Tax Court ordered that the Commissioner's "answer, in so far as it relates to a request for the determination of a deficiency in the petitioner's excess profits tax be, and the same hereby is, dismissed for lack of jurisdiction." Otherwise, the litigation is still pending in the Tax Court.

In these circumstances, our first problem is whether the quoted order is an appealable decision within the meaning of Section 7482(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7482 (a), formerly Section 1141(a) of the

1939 Code, which defines our jurisdiction to review action of the Tax Court. That section authorizes the United States Courts of Appeals "to review the decision of the Tax Court * * *." It does not say what constitutes a "decision" of the Tax Court. However, Section 7459 of the 1954 Internal Revenue Code, 26 U.S. C.A. § 7459, formerly Section 1117 of the 1939 Code, which regulates procedure in the Tax Court, does elaborate the conception of "decision" as it applies to action of the Tax Court.[1] A reading of these sections together has led to the judicial conclusion that, normally at least, "the word 'decision' of the Tax Court has a meaning of art; it refers only to two kinds of judicial action by the Tax Court, viz., (1) 'dismissing the proceeding' pending before it, whether for lack of jurisdiction or otherwise, or (2) formally determining a deficiency, or the lack of a deficiency."[2]

In this frame of reference the question is posed here whether the order we are asked to review is an order dismissing for lack of jurisdiction a proceeding for the determination of a deficiency. In asserting that it is, the Commissioner seems to reason that in substance there are two proceedings here; one, a special proceeding by the taxpayer to establish its claim to a 1944 excess profits tax refund under the abnormality relief provisions of Section 722, and the other, a kind of counterclaim by the Commissioner to establish a deficiency in the taxpayer's excess profits tax as already reported and paid for that year. Although procedurally the claim of deficiency was asserted in the Commissioner's answer to the taxpayer's claim and was adjudicated by granting a motion to strike this matter from the answer, it is argued that in substance the Tax Court has disposed of a proceeding attempted by the Commissioner to establish a deficiency. This contention is supported by pointing out that Section 732(c) of the 1939 Code specifically provides that the Tax Court's disposition of the merits of an abnormality issue is not reviewable by a Court of Appeals.[3] Thus, the disposition of the deficiency claim is the only part of the Tax Court's action in this case which can be reviewed by this court, whether immediately or at the termination of the Tax Court litigation.

These arguments did not persuade the Court of Appeals for the First Circuit in Commissioner of Internal Revenue v. Smith Paper, Inc., supra note 2. In the view of that court a case like this begins and continues as a special proceeding to adjudicate an abnormality claim asserted under Section 722, whatever related or collateral matters a party may seek to introduce. Accordingly, it is said that

---

1. "§ 7459. Reports and decisions
   *    *    *    *    *
   "(c) Date of decision.—A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court. If the Tax Court dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Secretary or his delegate, or if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.
   "(d) Effect of decision dismissing petition.—If a petition for a redetermina-

tion of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary of his delegate. * * *
   "(e) Effect of decision that tax is barred by limitation.—If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Tax Court to that effect shall be considered as its decision that there is no deficiency in respect of such tax. * * *"

2. See Commissioner of Internal Revenue v. Smith Paper, Inc., 1 Cir., 1955, 222 F.2d 126, 129. Accord, Michael v. Commissioner, 2 Cir., 1932, 56 F.2d 825.

3. This court has so held. Colonial Amusement Co. of Philadelphia v. Commissioner, 3 Cir., 1949, 173 F.2d 568.

there can be no such dismissal of the proceeding as constitutes a "decision" so long as the abnormality claim itself remains unadjudicated. However, we think a somewhat different approach to this matter is sound and has significance both for the issue of appealability and for the merits of the order rejecting the government's deficiency claim.

■ As heretofore stated, the present litigation began in the Tax Court with a petition filed by the taxpayer asking for a redetermination of its excess profits tax liability for 1944. The taxpayer says that what it initiated was a proceeding of limited scope restricted to the determination of its right to abnormality relief under Section 722. However, as we view the relevant statutes, there is in law no such restricted proceeding. The only way a taxpayer can litigate a disallowed claim for abnormality relief under Section 722 is by a statutory proceeding in the Tax Court for a general determination of his excess profits tax liability for the year in question.

The outline of the excess profits tax subchapter of the Internal Revenue Code, Subchapter E of Chapter 2 of the 1939 Code, is familiar. A special tax at high rate is imposed upon income above a certain level. A scheme is set out for determining above what level profits become subject to this tax. Guided by this scheme the taxpayer must in regular course make his return, reporting his income and computing and paying the tax. Procedures are provided whereby the Commissioner can determine and assess any deficiency. Thereafter, the taxpayer can sue to contest this deficiency or assert any overpayment, or both.

Distinct and additional provision is made in Section 722—and two other sections not involved here—for relief in certain hardship situations. To avail himself of this relief provision a taxpayer must first pay the excess profits tax computed and returned under the normal scheme. Thereafter, he may file a claim for refund based upon such a showing of abnormality as Section 722 authorizes. If the Commissioner allows that claim as submitted the matter is concluded to the satisfaction of all concerned. However, the Commissioner may, for what he considers good cause, disallow the abnormality claim. In that event he is required by Section 732 to send a formal notice of disallowance to the taxpayer. Here again the matter may end. But if the taxpayer is unwilling to let well or bad enough alone, he may at this stage institute a formal proceeding in the Tax Court as has been done in the present case. It is the nature and conception of this proceeding which create our present difficulty.

Section 732 of the 1939 Internal Revenue Code alone authorizes such a proceeding and defines its scope. That section provides that within 90 days after notice of disallowance of the abnormality claim is mailed "the taxpayer may file a petition with the Tax Court for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments." There follows a special provision that if the Tax Court shall find a deficiency and no overpayment it "shall have jurisdiction to determine the amount of such deficiency and such amount shall * * * be paid * * *."

■ At least five Courts of Appeals,[4] adopting the view of a substantial mi-

4. H. Fendrich, Inc., v. Commissioner, 7 Cir., 1951, 192 F.2d 916; Packer Pub. Co. v. Commissioner, 8 Cir., 1954, 211 F. 2d 612; Willys-Overland Motors, Inc., v. Commissioner, 6 Cir., 1955, 219 F.2d 251; Commissioner of Internal Revenue v. Pittsburgh & Weirton Bus Co., 4 Cir., 1955, 219 F.2d 259, followed in Commissioner of Internal Revenue v. F. W. Poe

Mfg. Co., 4 Cir., 1955, 224 F.2d 254; Martin Weiner Corp. v. Commissioner, 2 Cir., 1955, 223 F.2d 444. Agreement with this view also seems to be implied in the concluding paragraph of the opinion of the Court of Appeals for the First Circuit in Commissioner of Internal Revenue v. Smith Paper, Inc., supra note 2.

nority of the judges of the Tax Court,[5] have concluded that the proceeding thus described is not a limited proceeding to adjudicate an abnormality claim, but rather, as Section 732 indicates both on its face and in legislative history,[6] a general proceeding "for a redetermination of the tax under this subchapter", meaning Subchapter E, which contains the excess profits tax legislation in its entirety. Without repeating the persuasive reasoning of these cases we agree with their conclusion that Congress has seen fit to provide that one who wants to contest an abnormality disallowance must file a petition which empowers the Tax Court to make a comprehensive redetermination of his excess profits tax liability for the taxable year rather than a limited inquiry into the abnormality feature alone. Such was the nature and legal effect of the petition filed in this case.

█ Thus, what the Tax Court did in striking the deficiency claim from the Commissioner's answer was to decide that it has no such jurisdiction to redetermine the tax under Subchapter E as in our view Section 732 confers upon it. The order had great substantive effect, limiting the proceeding to the extent of denying its essential nature. Such action merits characterization as a "decision" for purposes of our appellate jurisdiction. True, there was nothing quite like a Section 732 proceeding when our jurisdiction to review Tax Court decisions was conferred. But in scope and effect the present order is analogous to, and as broad and significant as, a typical appealable order dismissing for want of jurisdiction a taxpayer's petition challenging a deficiency claim. The fact that the questioned ruling has disposed of the only appealable subject matter in the Tax Court proceeding makes a conclusion of appealability all the more reasonable here.

What we have said about the nature of a Tax Court proceeding under Section 732 also disposes of the merits of this appeal. Accordingly, we hold that it was error to strike the Commissioner's deficiency claim as a matter beyond the jurisdiction of the Tax Court.

█ One other matter must be considered. In its motion to strike the deficiency claim the taxpayer asserted both lack of jurisdiction and the bar of the statute of limitations. The Tax Court did not pass upon the statute of limitations contention. The taxpayer says that we should do so now. The Commissioner, on the other hand, argues that this issue should be left for decision in first instance by the Tax Court on remand.

We think it the wiser course not to decide the statute of limitations question now. It may well be, as the taxpayer urges, that no fact not apparent on the present record is relevant to this issue. But it does involve questions of the interrelation of scattered provisions of the Internal Revenue Code, within and without the excess profits tax subchapter. The recent decisions of the Courts of Appeals, construing Section 732 as we do here, are even now requiring the Tax Court to consider various statute of limitations questions which arise in such delayed redetermination of excess profits taxes.[7] To us it seems sound judicial administration that these questions should in first instance be fully presented to the Tax Court and considered and analyzed by it in the light of its special familiarity with all of these matters, their interrelation and their implications. Accordingly, we leave any and all questions concerning the statute of limita-

5. Mutual Lumber Co. v. Commissioner, 1951, 16 T.C. 370, dissent at 374; Martin Weiner Corp. v. Commissioner, 1954, 21 T.C. 470, dissent at 481.

6. H.R.Rep. No. 146, 77th Cong., 1st Sess. 560.

7. E. g. Commissioner of Internal Revenue v. F. W. Poe Mfg. Co. and Martin Weiner Corp. v. Commissioner, both supra note 4. Cf. H. Fendrich, Inc., v. Commissioner, 1955, 25 T.C. No. 37; Claremont Waste Mfg. Co. v. Commissioner, 1955, 24 T.C. No. 120.

tions open for appropriate consideration on remand.

The decision of the Tax Court will be vacated and the cause remanded for further proceedings consistent with this opinion.