Bernard H. **PORTER**, Petitioner-Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent-Appellee.

No. 71–2870.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1972.

Bernard H. Porter, pro se.

Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Tax Div., U. S. Dept. of Justice, Atty., K. Martin Worthy, Chief Counsel, Raymond W. Sifly, Internal Revenue Service, Washington, D. C., Robert G. Faircloth, Internal Revenue Service, Birmingham, Ala., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Bernard H. Porter and his wife, Margaret E. Porter, filed a petition in the Tax Court seeking a redetermination of the tax deficiencies assessed against Mr. Porter for the years 1966 and 1967. The respondent Commissioner filed a motion to dismiss the action as to Mrs. Porter on the ground that the Tax Court lacked jurisdiction because the alleged deficiencies arose out of individual returns filed by Mr. Porter and because the statutory notice of deficiency had been addressed to Mr. Porter only. On March 24, 1971, the Tax Court granted the Commissioner's motion and dismissed the action as to Mrs. Porter. After Mrs. Porter was dismissed from the action several pretrial motions were filed and hearings held. An order was entered designating Birmingham, Alabama, as the place of trial on the merits of the petition. The date for trial has not been set, however, and the Tax Court has yet to enter any orders adjudicating the merits of Mr. Porter's challenge to the deficiencies. For the reasons outlined below, we summarily dismiss the appeal which has been taken by Mr. Porter from the rulings of the Tax Court.

■ The United States Courts of Appeals, pursuant to Section 7482(a), Title 26, U.S.Code, have exclusive jurisdiction to review the "decisions" of the Tax Court in the same manner and to the same extent as decisions of the district courts, in civil actions tried without a jury. Although the statute does not define the term "decisions", it is now well settled that the Courts of Appeals possess appellate jurisdiction only with respect to final decisions of the Tax Court. In Licavoli v. Commissioner of Internal Revenue, 6 Cir. 1963, 318 F.2d 281, the Court held that orders of the Tax Court directing that the amended replies and the affirmative defenses of the taxpayers be stricken were not immediately reviewable under § 7482(a). The Third Circuit in Commissioner of Internal Revenue v. S. Frieder & Sons Co., 1955, 228 F.2d 478, ruled that the word "decision", in referring to the Tax Court for purposes of § 7482(a), has a meaning of art:

". . . it refers only to two kinds of judicial action by the Tax Court, viz., (1) 'dismissing the proceeding' pending before it, whether for lack of jurisdiction or otherwise, or (2) formally determining a deficiency, or the lack of a deficiency". 228 F.2d at 480.

■ Although the Tax Court dismissed the petition with respect to Mrs. Porter, Mr. Porter's petition is still

pending in that forum. There has been no formal determination by the Tax Court as to the existence of valid deficiencies regarding Mr. Porter's income tax obligations. Until such a determination is made by the Tax Court or until the Tax Court dismisses the proceeding as to Mr. Porter, this Court is without jurisdiction to review the actions of the Tax Court to date regarding the petition filed by the Porters.

Appeal dismissed.