Richard A. WILSON and Sharon L. Wilson et al., Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

No. 77–1660.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1977.

Paul W. Mercer, Phoenix, Ariz., for petitioners-appellants.

Gilbert E. Andrews, Dept. of Justice, Washington, D. C., for respondent-appellant.

Before BROWNING, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

█ The Commissioner of Internal Revenue disapproved certain adjustments made in respect to partnership income for the tax year 1972 and issued deficiency notices for that year. The appellants, who are individual taxpayers in the partnership, then filed a single, joint petition in the Tax Court challenging that determination. Ten Does were also named as petitioners. Upon the Commissioner's motion, the Tax Court dismissed the Does for lack of jurisdiction and struck a paragraph in the petition relating to unnamed persons not before the court. The appellants appeal those orders. We dismiss the appeal for lack of jurisdiction. It is now generally understood that courts of appeals will review only final decisions of the Tax Court. *Porter v. Commissioner*, 453 F.2d 1231, 1232 (5th Cir. 1972); *see* 26 U.S.C. § 7482(a). Where, as here, there has been no decision concerning the tax liability of any of the parties for the year 1972, we can entertain no appeal. In addition, the Tax Court ruled in essence that it could not consider the cases of un-known, unnamed persons who were in no way before the court. This court can do no more than the Tax Court. We cannot rule on the status of fictitious persons.

Appellants Paul W. Mercer and Florence M. Mercer additionally appeal the order of the Tax Court denying their motion to amend the petition to contest the Commissioner's separate determination of a deficiency for the tax year 1971.

█ This court has jurisdiction to consider the Mercers' appeal from this order. The order had the effect of dismissing the Mercers' petition as to 1971 for lack of jurisdiction. A decision of the Tax Court dismissing a petition for lack of jurisdiction is reviewable in this court on appeal. *See* 26 U.S.C. §§ 7459(c), 7482(a) (1967 & Supp. 1977). Dismissal of a petition to contest a deficiency for lack of jurisdiction because of late filing leaves the Commissioner's determination of tax liability for the year in question final, and unreviewable by the Tax Court. *Rosewood Hotel Inc. v. Commissioner*, 275 F.2d 786, 788 (9th Cir. 1960). *See* 26 U.S.C. § 6213(c) (1967). On the facts in this case, therefore, the Tax Court's order is a final decision on the cause of action arising out of the Commissioner's determination of a deficiency for 1971, *cf. Commissioner v. Sunnen*, 333 U.S. 591, 595, 68 S.Ct. 715, 92 L.Ed. 898 (1948), and is appealable. *See Miami Valley Coated Paper v. C. I. R.*, 211 F.2d 422 (6th Cir. 1954). *Cf.* Fed.R.Civ.P. 54(b).

█ On the merits, we conclude that the Tax Court was correct in denying the Mercers' leave to amend the petition.

A notice of deficiency for 1971 was mailed to the Mercers on April 13, 1976. The Mercers' motion was filed September 27, 1976. The motion was not filed within the required 90-day period. 26 U.S.C. §§ 6212, 6213. Once the 90-day period has run, an existing petition cannot be amended to contest the Commissioner's determination of a deficiency for the additional year. *Kennedy v. Commissioner*, 339 F.2d 335, 337 (7th Cir. 1964); *O'Neil v. Commissioner*, 66 T.C. 105 (1976); *Estate of Archer*, 47 B.T.A. 228 (1942).

Appellants claim they did not receive the notice of deficiency.* They argue the 90-day period did not begin to run until they received actual notice of the existence of a deficiency on September 6, 1976, and their petition to the Tax Court was therefore timely. We cannot agree. Section 6212 authorizes mailing the notice of deficiency by certified or registered mail to the last known address of the taxpayer. Absent a claim of failure to comply with the statutory procedure, the 90-day period for petitioning the Tax Court commences on the date of mailing. There is no requirement that the taxpayer actually receive the notice of deficiency or have actual notice of the claimed deficiency. See DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Cohen v. United States, 297 F.2d 760, 775 (9th Cir. 1962). Appellants do not challenge the date of mailing, or allege any failure to comply with the statutory procedure. The Tax Court correctly held that the 90-day period for petitioning for redetermination of the claimed deficiency for 1971 began to run on April 13, 1976 and that the Mercers' motion for leave to amend the petition was therefore untimely.

Appellants claim the Tax Court's denial of leave to amend their petition denies them due process. Actual notice of a deficiency is not required because taxpayers who contest the Commissioner's determinations have alternate remedial routes. They can seek to have the deficiency redetermined in the Tax Court; or pay the assessed sum and sue for a refund in the United States District Court. Although failure to file a petition in the Tax Court within 90 days of the mailing of a notice of deficiency forecloses a remedy in that court, the doors of the district court remain open. For the same reason, it cannot be said that inability to have one's case heard in the Tax Court is a denial of due process. See Phillips v. Commissioner, 283 U.S. 589, 597–98, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); Cohen v. United States, supra, 297 F.2d at 772.

The order of the Tax Court relating to the Mercers' claim for the tax year 1971 is affirmed. The appeal from other orders is dismissed for lack of jurisdiction.

---

* The Tax Court proceeded on the basis that appellants' claim is only that they did not receive the notice of deficiency, not that no notice was issued. If appellants' claim is that a notice of deficiency was never issued, the result would be the same. If the Commissioner did not issue a notice of deficiency for 1971, the Tax Court would be without jurisdiction to redetermine appellants' tax liability for that year and affirmance would be required on this ground. See Laing v. United States, 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 46 L.Ed.2d 416, 1976; Dudley v. Commissioner, 258 F.2d 183 (3d Cir. 1958). Cf. Delman v. Commissioner, 384 F.2d 929, 934 (3d Cir. 1967).