ESTATE OF Lucius Earl DIXON, C. G. Vaughan, Executor, Petitioner,

Lois K. DIXON, Intervenor-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 80–7199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1981.

Decided Jan. 22, 1982.

Malcolm George Smith, Michael S. Fernhoff, Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., argued, for intervenor-appellant; Thomas R. Sheppard, Los Angeles, Cal., on brief.

David I. Pincus, Dept. of Justice, Washington, D. C., argued, for respondent-appellee; M. Carr Ferguson, Dept. of Justice, Richard Farber, Washington, D. C., on brief.

Kindel & Anderson, Los Angeles, Cal., for amicus.

Before GOODWIN, KENNEDY and REINHARDT, Circuit Judges.

GOODWIN, Circuit Judge.

The Tax Court denied the petition of Lois K. Dixon to intervene in proceedings between the trustee of a trust and the Commissioner to determine the taxable value of a decedent's estate. This appeal presents two [1] questions:

(1) Was the denial of intervention an appealable order?

1. At an earlier stage of the appeal a third question, the timeliness of the notice of appeal, was challenged, but before oral argument this question was resolved in favor of the appeal.

(2) If so, was the denial an abuse of discretion?

The Commissioner issued a notice of deficiency to the Estate of Lucius Earl Dixon in May 1977. The issue was the value of L. E. Dixon Company stock owned by the decedent. In August 1977 the estate filed a petition in the Tax Court seeking a redetermination of the deficiency, alleging that the Dixon stock had been overvalued.

In October 1979 Lois Dixon filed a motion to intervene, alleging that she had an interest in the proceedings adverse to the estate because it was in her best interest to have the adjusted gross estate valued at as high a level as possible. Her husband had established an *inter vivos* trust under which she was to receive a share of the trust assets equal to the maximum marital deduction allowed for federal estate tax purposes. The trust provided that this bequest was to be satisfied out of assets other than the Dixon stock and was to be distributed free of all federal estate taxes.

The estate did not oppose her motion to intervene, but did challenge certain of her factual allegations. A number of the residuary beneficiaries of the trust, who would be adversely affected by an increase in the estate tax liability, opposed Lois Dixon's motion to intervene, requesting that if her motion were granted they also be allowed to intervene.

The Tax Court agreed that it had the power to grant intervention but refused to do so and thereby "open up Pandora's box."

1. *Appealability of the Tax Court Order.*

The Commissioner and the beneficiaries contend that the Tax Court's denial of Dixon's motion for intervention is not appealable. Section 7482(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7482(a), provides:

"(a) Jurisdiction.—The United States Court of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury...."

The Commissioner argues that § 7459(c) defines what constitutes a "decision" for purposes of appellate review under § 7482(a). Some courts have adopted the Commissioner's view and interpreted "decisions" to include only actions of the Tax Court that (1) dismiss the proceedings before the court because of lack of jurisdiction, and (2) finally determine the amount of a tax deficiency or the lack of a deficiency. *See Porter v. C.I.R.*, 453 F.2d 1231 (5th Cir. 1972); *Commissioner of Internal Revenue v. Smith Paper*, 222 F.2d 126 (1st Cir. 1955); *Michael v. Commissioner of Internal Revenue*, 56 F.2d 825 (2d Cir. 1932).

This court and two other circuits have rejected this restricted view of decisions in § 7482(a). *Estate of Smith v. C.I.R.*, 638 F.2d 665, 667–68 (3rd Cir. 1981); *May v. C.I.R.*, 553 F.2d 1207 (9th Cir. 1977); *Licavoli v. C.I.R.*, 318 F.2d 281, 282 (6th Cir. 1963); *Louisville Builders Supply Company v. C.I.R.*, 294 F.2d 333 (6th Cir. 1961).

■ *Estate of Smith v. Commissioner, supra,* 638 F.2d at 667–68, dealt with the same arguments presented by the Commissioner and found that an order denying intervention was appealable:

"A similar argument was presented in *Louisville Builders Supply Co. v. Commissioner*, 294 F.2d 333 (6th Cir. 1961), and rejected. In that case the court heard an appeal from a Tax Court order permitting the Commissioner to depose a witness. No petition for redetermination of tax or notice of tax deficiency had been filed. Finding that it had jurisdiction, the court of appeals noted that the order was not interlocutory and that a contrary ruling would result in the Tax Court having made a final, nonreviewable decision, a power not expressly granted by Congress.

.    .    .    .    .

"No satisfactory reasoning has emerged in the *Smith* [*Commissioner of Internal Revenue v. Smith Paper*, 222 F.2d 126 (1st Cir. 1955)] line of cases to explain why its restrictive approach to appealability is required by statute or by policy.

The *Smith* philosophy runs counter to the general rule favoring reviewability of final agency action, *see* 5 U.S.C. § 702 (1976), and the Supreme Court's expansive attitude in deciding in favor of reviewability of the Tax Court's decision in *United States v. California Eastern Line, Inc.,* [348 U.S. 351, 353–54, 75 S.Ct. 419, 420–421, 99 L.Ed. 383 (1955)] . . . ." (Citations added.)

The thrust of the decisions is that final (not interlocutory) orders of the Tax Court are appealable. An order denying intervention in the district court is considered a final order under Fed.R.Civ.P. 24(a) and (b). *Estate of Smith v. C.I.R.,* 638 F.2d at 668; *State of Idaho v. Freeman,* 625 F.2d 886, 887 (9th Cir. 1980); *McClune v. Shamah,* 593 F.2d 482, 485 (3rd Cir. 1979); *May v. C.I.R., supra,* 553 F.2d at 1208.

The distinction between final and interlocutory orders explains the apparent conflict between *May* and *Wilson v. C.I.R.,* 564 F.2d 1317, 1318 (9th Cir. 1977), *cert. denied sub nom., Mercer v. Commissioner,* 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978). Although there is no discussion of § 7482(a), *May* implicitly rejects the Commissioner's argument by determining whether the Tax Court abused its discretion in denying intervention. The Commissioner seizes on the following language in *Wilson* to support the view that only Tax Court decisions involving deficiencies are reviewable by the court of appeals. The relevant portion of *Wilson v. C.I.R.,* 564 F.2d 1317, 1318 says:

"It is now generally understood that courts of appeals will review only final decisions of the Tax Court. *Porter v. Commissioner,* 453 F.2d 1231, 1232 (5th Cir. 1972) . . . . Where, as here, there has been no decision concerning the tax liability of any of the parties for the year 1972, we can entertain no appeal . . . ."

The issue in *Wilson* was the appealability of an interlocutory order—the dismissal of "Does". The language which the Commissioner cites is dictum, and was not intended to apply to the question presently before us.

### 2. Tax Court's Jurisdiction to Grant Intervention.

■ The Commissioner argues that the Tax Court had no jurisdiction to grant intervention in this case because: (1) Dixon has no standing, (2) Dixon is asserting a state-law claim, and (3) the Tax Court does not have jurisdiction to grant intervention.

In *May,* 553 F.2d at 1208, this court stated that the Tax Court had discretion to grant or deny intervention. The Commissioner claims that the Tax Court only has discretion to allow Dixon to appear as *amicus curiae.* But in *May* this court had to reach the issue whether the Tax Court could grant intervention in order to decide whether the Tax Court abused its discretion by denying intervention. Clear language in the opinion upholds the discretion of the Tax Court to grant intervention.

### 3. Standard of Review.

■ Cases have held that a trial court's denial of a motion to intervene under Fed. R.Civ.P. 24(b) cannot be reversed unless shown to be an abuse of discretion. This court has applied the same standard in reviewing denial of intervention in the Tax Court. *May v. C.I.R., supra,* 553 F.2d at 1208. *Accord Allen Calculators v. Cash Register Co.,* 322 U.S. 137, 142, 64 S.Ct. 905, 908, 88 L.Ed. 1188, *reh. denied,* 322 U.S. 771, 64 S.Ct. 1257, 88 L.Ed. 1596 (1944); *Van Hoomissen v. Xerox Corporation,* 497 F.2d 180, 181 (9th Cir. 1974).

Unfortunately, the standard of review has sometimes been confused with the issue of appealability. In *May, supra,* 553 F.2d at 1208, this court said:

"Under Federal Rules of Civil Procedure 24(b), where intervention is a matter of discretion and not of right, the denial of a motion to intervene is appealable only where there is clear abuse of discretion."

Obviously, the denial of a motion to intervene is appealable. The only way an appellate court can decide whether there was an abuse of discretion is by allowing an appeal and by reviewing the record. The appellate court will not disturb the trial court's order, however, unless there is an abuse of discre-

tion. The seeds of the difficulty are found in *Allen Calculators, supra,* 322 U.S. at 142, 64 S.Ct. at 908 (1944), where the Court used the following language:

"The exercise of discretion in matter of this sort is not reviewable by an appellate court unless clear abuse is shown; and it is not ordinarily possible to determine that question except in light of the whole record. . . ."

In *Railroad Trainmen v. B. & O. R. Co.,* 331 U.S. 519, 524–525, 67 S.Ct. 1387, 1389–1390, 91 L.Ed. 1646 (1947), the Court used language similar to *May* :

"Our jurisdiction to consider an appeal from an order denying intervention thus depends upon the nature of the applicant's right to intervene. If the right is absolute, the order is appealable and we may judge it on the merits. But if the matter is one within the discretion of the trial court and if there is no abuse of discretion, the order is not appealable and we lack the power to review it."

It would have been a more accurate statement of the law if the Court had substituted the word "reverse" for "review." Similar confusing language can be found in *Brennen v. Silvergate Dist. Lodge No. 50,* 503 F.2d 800, 803 (9th Cir. 1974); *Van Hoomissen v. Xerox Corporation,* 497 F.2d 180, 181 (9th Cir. 1974); 3B Moore's, Federal Practice, ¶ 24.15 (2d ed. 1980). The "appealable if an abuse of discretion" language cannot be read literally. An order can be reviewed for abuse of discretion only if the appeal is before the court. Accordingly, the order has to be appealable, but the standard of review (abuse of discretion) is not likely to encourage a rash of appeals.

### 4. *Tax Court's Reasons.*

It is evident from the record that the Tax Court denied Dixon's motion to intervene for several reasons: (1) allowing intervention might cause a "flood" of motions for intervention by beneficiaries adversely affected by Tax Court valuations; (2) it was unlikely that Dixon would add anything to the information that the estate and the Commissioner would give to the Tax Court;

(3) Dixon's situation was not unusual enough to warrant risking opening up multiple side issues; and (4) Dixon's ultimate concern was distribution of the estate and not the valuation of the stock.

Both the Commissioner and the Tax Court note that Dixon's underlying concern is the division of the trust corpus, a matter of state law, and only incidentally the federal estate tax valuation. Her problem is that her late husband chose to use the federal tax valuation to measure the distribution of the trust corpus.

Dixon argues that she is only asking the Tax Court to decide what is within its jurisdiction to decide—the valuation of the stock. The Tax Court is the only court that can determine the federal estate tax valuation of the stock. These truths may be self-evident, but their consequences do not necessarily follow Dixon's theory.

■ Even if Dixon has no other forum, this fact alone does not override the concerns of the Tax Court in denying intervention. Dixon does not adequately respond to the "floodgate" problem. Dixon argues that her claim was unique. Dixon wanted the valuation to be as high as possible so that her share of the trust corpus would be larger. There may indeed be few beneficiaries who will want to intervene to increase the estate tax valuation, but this kind of strategy is hardly unique. A recent Third Circuit case involved a wife who wanted to intervene to challenge the valuation of the stock in her deceased husband's estate because, as in this case, a low valuation would adversely affect her share of the estate. *Estate of Smith v. C.I.R.,* 638 F.2d 665 (3rd Cir. 1981).

In this case, the estate and the Commissioner may have been close to a settlement. Intervention would prevent a settlement. The beneficiaries also wanted to intervene in this case. The Tax Court was faced with the prospect of a protracted dispute and more than one motion to intervene. There is no evidence that the Commissioner would refuse to consider Dixon's evidence that the stock was undervalued. Under these cir-

cumstances, the Tax Court had strong policy reasons for denying Dixon's motion to intervene.

There is little merit to Dixon's contention that denial of her motion to intervene will cause "the taking" of her property without due process of law. If Dixon does not receive the share of the trust corpus she expects, it will be because of the settlor's chosen method of distribution, not because of the action of the Tax Court. The Tax Court did not abuse its discretion.

The appeal is dismissed.