ST. LOUIS AMUSEMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35951.   Filed June 9, 1954.

*B. L. Liberman, Esq.*, for the petitioner.
*David Karsted, Esq.*, for the respondent.

OPINION.

FISHER, *Judge:* All of the facts are stipulated and are incorporated herein by reference.

On March 8, 1943, petitioner filed its excess profits tax return for the taxable year ended August 31, 1942. On its return, petitioner claimed an unused excess profits credit carry-over from the taxable year ended August 31, 1941, but the claim was not based upon a constructive average base period net income. The stipulation of facts includes a determination of petitioner's correct excess profits net income for the taxable year ended August 31, 1941, together with its correct excess profits credit for that period computed under the provisions of section 713 (f) of the Code. On May 3, 1946, a deficiency was assessed covering excess profits tax and interest for the taxable year ended August 31, 1942, and the amounts so assessed were paid by petitioner.

On September 20, 1943, petitioner filed an application for relief under section 722 on Form 991 for the taxable year ended August 31, 1942. No carry-over of credit from the year ended August 31, 1941, was asserted on the basis of constructive average base period net income for that year.

Petitioner filed two claims for refund on Form 843 for the taxable year ended August 31, 1942, said claims being filed on June 5, 1947, and March 24, 1948. On the latter date, petitioner also filed claim for refund on Form 843 for the taxable year ended August 31, 1941. No carry-over of credit was asserted in any of said claims on the basis of constructive average base period net income.

On September 15, 1949, petitioner filed an amended application for relief on Form 991 for the taxable year ended August 31, 1942. The application for relief originally filed (and the claims for refund above referred to) were essentially in skeleton form. The application filed on September 15, 1949, set forth in detail the basis of petitioner's contentions and the facts relied upon by it, but asserted no claim of carry-over of credit from fiscal year 1941 based upon determination of constructive average base period net income.

On January 15, 1951 (admittedly after the expiration of the period of limitations for the filing of an original claim for refund for the year in question), petitioner filed an amended claim for refund on Form 843 for the taxable year ended August 31, 1942. The statement attached to the amended claim included the following:

Taxpayer desires to amend its claim by including thereon in addition to all other claims and data heretofore filed in connection with taxpayer's claims under Section 722 of the Internal Revenue Code the following:

a. Taxpayer contends that the Excess Profits Tax carry-over credit provision of the Internal Revenue Code is mandatory and that taxpayer is entitled to

carry forward unused Excess Profits Tax credit regardless of whether or not it is based upon reconstruction under the provisions of Section 722 of the Code or for any other reason.

b. * * * Taxpayer contends that it is entitled to full base period reconstructed credit * * * together with full carry-over credit based upon any computations thereunder.

Petitioner, while admitting that the amended claim filed on January 15, 1951, was filed after the expiration of the statutory period for filing an original claim for refund based on the carry-over of the unused excess profits credit from the previous fiscal year, contends that a claim for such carry-over "was proper and referable to the previous applications for relief and claims for refund, which were timely filed, and the claim is, therefore, not barred by the statute of limitations." Petitioner also asserts that the amended claim for refund, filed on January 15, 1951, was a "substantial and sufficient compliance" with the regulations. Since these contentions are in some respects interrelated, we will consider them together.

Section 722 (d) of the Internal Revenue Code requires that a taxpayer claiming relief under the provisions of section 722 make application therefor in accordance with regulations prescribed by the Commissioner and approved by the Secretary. Pursuant to the statute, the requirements were set forth in Regulations 112, section 35.722–5. The relevant provisions thereof are as follows:

If an application * * * for the benefits of section 722 has been filed with respect to any taxable year, or if the filing of such application is unnecessary under (d) of this section, and if the excess profits credit based upon a constructive average base period net income determined for such taxable year produces an unused excess profits credit for such year, to obtain the benefits of such unused excess profits credit carry-over or carry-back the taxpayer should file an application * * *, or an amendment to such application if already filed, for the taxable year to which such unused excess profits credit carry-over or carry-back is to be applied. *Such application or amendment should be filed within the period of time prescribed by section 322 for the filing of a claim for credit or refund for any taxable year to which the carry-over or carry-back is to be applied.* * * * [Italics supplied.]

It is clear from the express language of the regulations that, to be effective, an amended application for relief, based upon an unused ·excess profits credit carry-over produced by a determination of constructive average base period net income, must be filed within the statutory period of limitations. We find nothing in the record to suggest that respondent waived the provisions of the applicable regulations, and there is nothing in the claims, applications for relief, or supplemental information filed by petitioner prior to the untimely amended claim filed on January 15, 1951, which called to respondent's attention any assertion by petitioner of a claim for carry-over of unused excess profits credit from the fiscal year 1941 based upon constructive average base period net income for that year.

In the light of the foregoing, it is our view that petitioner's contentions now under consideration are foreclosed by our Opinion in *Barry-Wehmiller Machinery Co.*, 20 T. C. 705. In that case, petitioner filed timely application for relief under section 722 of the Code for the fiscal year ended July 31, 1943, and for refund of overpayment of excess profits tax for that year which would result from an allowance of constructive average base period net income claimed, and from a carry-over from the fiscal years 1941 and 1942 of unused excess profits credits. Subsequently, it filed a timely claim for relief under section 722 for the fiscal year ended July 31, 1944, and for the refund of the overpayment of excess profits tax which would result from the allowance of the section 722 relief requested for the taxable year 1944 and from the carry-back of unused excess profits credits from the fiscal years 1945 and 1946. After the statutory period for the filing of a claim for refund for the fiscal year ended July 31, 1943, had expired, it filed an amended claim for refund of excess profits tax paid for that year which would result from a carry-back to that year of unused credit for the year ended July 31, 1945, computed on the basis of constructive average base period net income allowed for the latter year. Prior to the filing of the untimely claim, petitioner had filed no claim for carry-back to 1943 from 1945.

Since we consider *Barry-Wehmiller Machinery Co., supra*, controlling in the instant case, we quote from Judge Turner's Opinion at some length as follows:

[p. 710.] As a prerequisite to the allowance of a refund resulting from the application of section 722, a taxpayer must have complied with the requirements of subsection (d) thereof, and section 35.722–5, as amended, of Regulations 112, * * *

[p. 711.] The facts are, that when the petitioner filed its claim for relief and refund under section 722 for the fiscal year 1943, * * * no reference was made to a carry-back credit from 1945. We start, therefore, with neither a formal nor an informal claim for refund resulting from an unused excess profits credit carry-back, and unless there was such claim on or before * * * the time limit prescribed * * * for claiming a refund based on such a carry-back * * *, the amended claim, so-called, * * * was a new claim and having been filed out of time, the respondent was without power to entertain and act upon it. [Cases cited.]

[p. 712.] While admitting that the amended application * * * was filed after the expiration of the statutory period for filing an original claim for refund based on the carry-back of the 1945 unused excess profits credit, it is the contention of the petitioner that a claim for such carry-back was in substance within the claim for section 722 relief and refund thereunder, which claim was made within the statutory period. * * *

In its application for relief for 1944 petitioner, in its computation, did take into account the carry-back credit from 1945 and respondent allowed the refund resulting therefrom, which was proper. * * * But that is not the case with this petitioner's claim for 1943. A claim for a carry-back to 1944 is entirely independent and separate from a claim for a carry-back to 1943. The only

claim for a carry-back to 1943 was made after the running of the statute of limitations for the presentation of such a claim and, therefore, could not be considered by the respondent or this Court. * * * [Cases cited.]

Petitioner also contends that a construction (such as that which we have adopted) would render the regulation in question unreasonable and invalid. Our views to the contrary are implicit in the conclusion reached in *Barry-Wehmiller Machinery Co., supra*, and are expressed in principle in *Lockhart Creamery*, 17 T. C. 1123. In this connection Judge Black said (p. 1142):

> The computation of an unused excess profits credit, like the net operating loss deduction, is by its own nature quite complicated and particularly is this so when the credit is to be increased by reason of section 722 relief. We are persuaded that for administrative reasons the formal and detailed requirements which here deny petitioner any excess profits credit carry-over based on section 722 relief for the years 1940 and 1941, were correctly prescribed by the Commissioner. When the validity of regulations pertinent here is considered in view of the language of the Supreme Court in *Angelus Milling Co.* v. *Commissioner*, 325 U. S. 895, we are further convinced that the regulations were lawfully prescribed in accordance with authority previously granted by Congress. * * *

Finally, for completeness, we refer to petitioner's contention, in its amended claim for refund filed on January 15, 1951, that allowance of carry-over credit from the fiscal year 1941 based on constructive average base period net income is mandatory. This contention was not pressed in petitioner's briefs. We held otherwise in *Barry-Wehmiller Machinery Co., supra*, and our view is implicit in the conclusions reached in *Lockhart Creamery, supra*.

We hold, on the basis of the foregoing discussion, that petitioner, under the circumstances of this case, is not entitled to a refund of excess profits tax paid for the year ended August 31, 1942, on the basis of a carry-over credit from the year ended August 31, 1941; attributable to a determination of constructive average base period net income for the fiscal year 1941.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*