UTILITY APPLIANCE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45914. Filed May 31, 1956.

*George T. Altman, Esq.,* for the petitioner.
*R. E. Maiden, Jr., Esq.,* for the respondent.

OPINION.

KERN, *Judge:* In this case, submitted under Rule 30, it is stipulated that "the sole issue is whether petitioner has a timely claim for an

---

unused excess profits credit arising from the use of a constructive average base period net income for carryback purposes, so that a constructive average base period net income for the year 1945 may be employed for the purpose of computing the unused excess profits credit carryback from 1945 to 1944."

Petitioner is a corporation organized under the laws of the State of California. It filed its returns for the periods here involved with the collector of internal revenue for the sixth district of California.

The only year before this Court is 1944. It is stipulated that if the Court holds that the constructive average base period net income for the year 1945 may be employed in the computation of unused excess profits carryback from 1945 to 1944, the amount of such income is $65,000.

Petitioner had no excess profits net income for the year 1945, but had a deficit in such net income. Its excess profits credit for that year, computed without regard to section 722, was $43,435.34 as computed under section 713, and $55,180.66 as computed under section 714.

In the deficiency notice the Commissioner allowed an unused excess profits credit adjustment for the year 1944 in the amount of $10,884.69. That amount was computed without regard to section 722, as follows:

| | |
|---|---|
| Unused excess profits credit for 1945 | $55,180.66 |
| Portion thereof first applied to 1943 | 44,295.97 |
| Balance, being unused excess profits credit carryback to 1944 | $10,884.69 |

The foregoing computation appears in a revenue agent's report dated June 10, 1947. The correct amount to be first applied to 1943, as now agreed to by the Commissioner, is $11,162.99 instead of the amount of $44,295.97.

The Commissioner allowed to petitioner under section 722 (b) (4), a constructive average base period net income of $39,000 for the year 1940, and $65,000 for each of the years 1941, 1942, and 1944. The Commissioner has also now agreed to the employment of a like constructive average base period net income, $65,000, for the year 1943. The amount of $11,162.99, stipulated as the amount of excess profits credit carryback from 1945 to be applied first to the year 1943, is computed as follows:

| | |
|---|---|
| Excess profits net income, 1943, per return | $98,170.66 |
| Adjustments per revenue agent's report: | |
| Add: Declared value excess-profits tax overassessment | 3,841.03 |
| Total | $102,011.69 |
| Deduct: Net income adjustment | 29,098.70 |

Excess profits net income, 1943, as so adjusted_____ $72,912.99
   Deduct: 95 per cent of $65,000, constructive average base period
      net income for 1943_____ 61,750.00

Balance, being amount of unused excess profits credit for 1945 to be
applied first to 1943 (whether the total amount of such credit for
1945 is computed with or without the use of a constructive average
base period net income)_____ $11,162.99

Petitioner filed its excess profits tax return for the year 1944 on May 15, 1945, pursuant to extension granted by the Commissioner to such date. The following payments of tax were made by petitioner on the dates indicated for excess profits tax liability for the year 1944:

Original:
   Paid Mar. 15, 1945_____ $36,649.00
      May 15, 1945_____ 6,497.03
      June 15, 1945_____ 43,081.70
      Sept. 17, 1945_____ 43,081.70
      Dec. 17, 1945_____ 43,081.70

      Total_____ $172,391.13
Less: Interest_____ 64.33

Tax paid_____ $172,326.80
Additional:
   Paid Oct. 11, 1948_____ $9,534.36
      Nov. 10, 1948_____ 11,054.18
      Jan. 25, 1949_____ 7,500.00
      Feb. 14, 1949_____ 7,794.84

      Total_____ $35,883.38
Less: Interest _____ $2,462.58
      Interest _____ 1,762.12   4,224.70

Tax paid_____ 31,658.68

      Total tax paid_____ $203,985.48
Less: Allowance on tentative carryback claim Nov. 25, 1946_____ 20,678.27

                                   $183,307.21

On May 15, 1945, petitioner filed an application on Form 991, for excess profits tax relief for the year 1944. This application asked for a reduction in excess profits tax under section 722 in the amount of $90,153.56, from $221,224.89 to $131,071.33, computed in each case prior to the 10 per cent credit for debt retirement. The application claimed a constructive average base period net income of $161,058.71, computed under section 722 (b) (4). Details in support of the constructive average base period net income as claimed were incorporated in the application by reference from statements attached to Form 991

filed by petitioner for the year 1942. Nothing in the form required a schedule showing how the reduced tax claimed of $131,071.33 was computed, and no such schedule was attached.

The reduced tax claimed of $131,071.33 was computed in conformance with sections 710 and 711 of the Internal Revenue Code of 1939, as follows:

| | | |
|---|---:|---:|
| Excess profits net income (income credit method_____ | | $300,975.60 |
| Specific exemption_____ | $10,000.00 | |
| Constructive average base period net income claimed on Form 991_____ | $161,058.71 | |
| Constructive excess profits credit based on constructive income is 95 per cent of the claimed constructive average base period net income_____ | 153,005.77 | 163,005.77 |
| Adjusted excess profits net income after application of section 722 as claimed _____ | | $137,969.83 |
| Excess profits tax at rate of 95 per cent_____ | | $131,071.33 |

The amount of excess profits tax paid by petitioner at or prior to the filing of its claim for relief for 1944 on Form 991, that is, at or prior to May 15, 1945, was $43,081.70, and that amount was shown on Form 991 as the amount of refund or credit for which the application was a claim. Subsequently, on February 28, 1949, petitioner filed a claim on Form 843 to supplement the Form 991 and claimed a total refund of $79,446.59. The claim filed on Form 843 comprehended a constructive average base period net income for 1944 of $161,058.71, without claiming any carryback of unused excess profits credit from 1945 based on a constructive average base period net income.

Both the application filed by petitioner on Form 991 on May 15, 1945, for the year 1944, and the claim filed on Form 843 on February 28, 1949, for such year, comprehended a constructive average base period net income for 1944 of $161,058.71, without claiming any carryback of unused excess profits credit from 1945 computed either with or without regard to section 722.

No agreement was entered into by the petitioner and the respondent which would extend the statute of limitations for the year 1944 or 1945.

On December 3, 1948, the internal revenue agent in charge at Los Angeles wrote to petitioner *inter alia*, as follows:

Reference is made to your claims for excess profits tax relief under section 722 of the Internal Revenue Code, filed for the years ended December 31, 1940, 1941, 1942, 1943 and 1944.

In connection with these claims, it may be noted that the general average base period net income is $29,836.74, whereas under the growth formula, provided

in section 713 (f) of the Code, you are entitled to use $45,168.23, excess profits net income for the year 1939 which is the highest income in base period years. Also, that excess profits tax paid for the year 1943 was refunded, due to a net operating loss and unused excess profits credit carry-back from 1945, and that in 1944 the 80% tax limitation is applicable.

The claims for relief have been carefully reviewed on the basis of information submitted in connection with the claims, and there appears to be no possibility of a constructive average base period net income which would overcome the growth formula and the 80% limitation, in 1944, and result in the allowance of any relief.

As stated in this letter of December 3, 1948, an unused excess profits credit carryback from 1945 to 1944 had already been allowed by the Commissioner, on the basis of issues other than section 722.

On May 7, 1951, petitioner, by its attorney, mailed a letter to the Excess Profits Tax Council, as follows:

It appears from the record that the applications filed in this proceeding cover only the years 1940–1944, inclusive. Since there was no tax for 1945 no claim was filed for that year.

We should like to ask now that a constructive average base period net income be determined for 1945 for such application in respect of taxes for years prior to 1945 as the taxpayer may be entitled to upon the record.

I believe that such a determination should be made as a matter of course because of the carry-back to 1943 and 1944. See revenue agent's reports respecting standard issues. The carry-back has also been a matter of discussion in conferences with the office of the Internal Revenue Agent in Charge and with the Technical Staff. See letter dated December 3, 1948, from the Internal Revenue Agent in Charge to the taxpayer.

This request is made, nevertheless, for the purpose of making it an express part of the record.

On May 8, 1951, the Excess Profits Tax Council acknowledged receipt of this letter and replied to it as follows:

Receipt is acknowledged of your letter of May 7, 1951, concerning subject applications for section 722 relief. It is noted that this letter requests a determination of constructive average base period net income for 1945.

On the date of this letter, May 7, 1951, the applications for relief involved in this proceeding were pending on the merits before the said Excess Profits Tax Council. Several conferences and considerable correspondence with the office of the Commissioner relating to the merits of the case occurred after such date and before the Commissioner's final determination. A settlement of the amount of the constructive average base period net income for all taxable years, including 1945, was agreed to by the petitioner on July 2, 1952, and the Commissioner's determination of this constructive average base period net income was made on September 19. 1952.

On January 20, 1954, petitioner filed on Form 843 an amendment of claim relating to its claim for refund of excess profits tax for the year 1944 "solely for the purpose of making formal the claims pre-

viously presented requesting use in computing the unused excess profits credit adjustment for 1944, of a constructive average base period net income determined under section 722 for 1943 and 1945."

Provisions of the statute and regulations pertinent to the problem presented by this case are set out in the margin.[1]

It is obvious from the facts stipulated that the letter of petitioner's counsel dated May 7, 1951, if considered alone as an application equivalent to that prescribed by the quoted regulations, was not filed within the time required under section 322 (b) (6). It is even more obvious that petitioner's amendment of claim filed January 20, 1954, was not in and of itself an application or claim filed within the prescribed time. That such an application or claim must be filed within the time prescribed by section 322 (b) (6) cannot be doubted.

---

[1] SEC. 322. REFUNDS AND CREDITS.

(b) LIMITATION ON ALLOWANCE.—

(1) PERIOD OF LIMITATION.—Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *

\* \* \* \* \* \* \*

(6) SPECIAL PERIOD OF LIMITATION WITH RESPECT TO NET OPERATING LOSS CARRY-BACKS AND UNUSED EXCESS PROFITS CREDIT CARRY-BACKS.—If the claim for credit or refund relates to an overpayment attributable to a net operating loss carry-back or to an unused excess profits credit carry-back, in lieu of the three-year period of limitation prescribed in paragraph (1), the period shall be that period which ends with the expiration of the fifteenth day of the thirty-ninth month following the end of the taxable year of the net operating loss or the unused excess profits credit which results in such carry-back, or the period prescribed in paragraph (3) in respect of such taxable years, whichever expires later. In the case of such a claim, the amount of the credit or refund may exceed the portion of the tax paid within the period provided in paragraph (2) or (3), whichever is applicable, to the extent of the amount of the overpayment attributable to such carry-back.

SEC. 722. GENERAL RELIEF—CONSTRUCTIVE AVERAGE BASE PERIOD NET INCOME.

(d) APPLICATION FOR RELIEF UNDER THIS SECTION.—* * * The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 and subject to the limitation as to amount of credit or refund prescribed in such section makes application therefor in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. If a constructive average base period net income has been determined under the provisions of this section for any taxable years, the Commissioner may, by regulations approved by the Secretary, prescribe the extent to which the limitations prescribed by this subsection may be waived for the purpose of determining the tax under this subchapter for a subsequent taxable year.

Regulations 112:

SEC. 35.722–5 APPLICATION FOR RELIEF UNDER SECTION 722.—(a) * * *.

In order to obtain the benefits of an unused excess profits credit for any taxable year for which an application for relief on Form 991 (revised January, 1943) was not filed, using the excess profits credit based on a constructive average base period net income as an unused excess profits credit carry-over or carry-back, the taxpayer, except as otherwise provided in (d) of this section, must file an application on Form 991 (revised January, 1943) for the taxable year to which such unused excess profits credit carry-over or carry-back is to be applied within the period of time prescribed by section 322 for the filing of a claim for credit or refund for such latter taxable years. In addition to all other information required, such application shall contain a complete statement of the facts upon which it is based and which existed with respect to the taxable year for which the unused excess profits credit so computed is claimed to have arisen, and shall claim the benefit of the unused excess profits credit carry-over or carry-back. * * *

*Lockhart Creamery,* 17 T. C. 1123, 1140; *Barry-Wehmiller Machinery Co.,* 20 T. C. 705. Cf. *Packer Publishing Co.,* 17 T. C. 882, 898.

However, petitioner contends that the application for relief filed by it on May 15, 1945, on Form 991 for the year 1944 was itself sufficient, since it was the form required by the regulations, that form required "no special or express statement in the case of an unused excess profits carry-back," the respondent knew that a tentative carryback claim of unused excess profits credit for 1945, computed without regard to section 722 had already been allowed to it for 1944, the information necessary for the computation of a constructive average base period net income for 1945 was before respondent in statements attached to applications for relief under section 722 relating to prior years, but incorporated by reference in the application for 1944, and the implicit application for a tentative carryback recognized by its allowance was sufficient even though it made no request for the employment of a constructive average base period net income for 1945 in computing the unused excess profits credit carryback for that year available to petitioner for 1944.

In substance, it seems to us that similar arguments were made by the taxpayer in *St. Louis Amusement Co.,* 22 T. C. 522. The crucial fact is that no application or claim filed by petitioner within the period prescribed by section 322 (b) (6) asserted a claim for carryback of unused excess profits credit from the year 1945 based upon constructive average base period net income for that year. Therefore, we conclude that the application for relief filed by petitioner on May 15, 1945, was not a claim for an unused excess profits credit arising under the use of a constructive average base period net income for carryback purposes.

Petitioner contends that "even if the original claim filed was defective because it did not expressly request that the unused excess profits carryback from 1945 be computed by employment of a CABPNI for 1945, such defect was cured by petitioner's letter of May 7, 1951, to the Excess Profits Tax Council." This contention is rejected on the authority of *St. Louis Amusement Co., supra.*

Petitioner further contends that even though a timely claim was not filed, there was a waiver on the part of respondent in that a determination of the constructive average base period net income of petitioner for 1945 was made by the Excess Profits Tax Council after the receipt of petitioner's letter of May 7, 1951. This contention of petitioner is rejected on the authority of *May Seed & Nursery Co.,* 24 T. C. 1131.

The issue presented to us for decision in this proceeding is decided in favor of respondent.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*