**MAY SEED AND NURSERY COM-
PANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent.**

No. 15518.

United States Court of Appeals
Eighth Circuit.

March 13, 1957.

Rehearing Denied April 15, 1957.

**152**

Robert J. Bannister, Des Moines; Iowa (James E. Cooney, E. B. Carpenter and Bannister, Carpenter, Ahlers & Cooney, Des Moines, Iowa, with him on the brief), for petitioner.

Harry Marselli, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., with him on the brief), for respondent.

Before SANBORN, JOHNSEN and WHITTAKER, Circuit Judges.

JOHNSEN, Circuit Judge.

◼ The Commissioner of Internal Revenue refused to allow May Seed & Nursery Company, of Shenandoah, Iowa, to have the benefit, under 26 U.S.C.A., Int.Rev.Code of 1939, Excess Profits Taxes, § 710, for its fiscal year 1942, of an unused excess profits tax credit carryover, from its fiscal year 1941, based on a constructive average base period net income established in 1952 between the parties under § 722 of the Code. The result was a determination of deficiency against the taxpayer for the year 1942.

The ground of the Commissioner's refusal was that no claim for the benefit of such credit carry-over had been made in the application (or any amendment thereto) filed by the taxpayer for relief under § 722, to have a constructive average base period net income established and used in relation to its 1942 tax liability.

Treasury Regulations 109, Sec. 30.722–5, as amended July 21, 1944, contained certain procedural prescriptions, among which were the following: "(a) * * * If an unused excess profits credit for any taxable year for which an application for relief on the appropriate Form 991 has not been filed, computed on the basis of a constructive average base period net income, is to be used as an excess profits credit carry-over or carry-back, the taxpayer must file an application on Form 991 * * * for the taxable year to which such unused excess profits credit carry-over or carry-back is to be applied. The application in such case must be filed within the period of time prescribed by section 322 for the filing of a

claim for credit or refund for the taxable year to which the carry-over or carry-back is to be applied [which period under § 322 is in general 3 years from the date the taxpayer has filed his return or 2 years from the date he has paid the tax, whichever expires later]. In addition to all other information required, *such application shall * * * claim the benefit of the unused excess profits credit carry-over or carry-back.* If an application on the appropriate Form 991 for the benefits of section 722 has been filed with respect to a taxable year, or if the filing of such application is unnecessary under (d) of this section, and if the excess profits credit based upon a constructive average base period net income determined for such taxable year produces an unused excess profits credit for such year, to obtain the benefits of such excess profits credit as an unused excess profits credit carry-over or carry-back *the taxpayer should file an application upon Form 991 * * * or an amendment to such application if already filed, for the taxable year to which such unused excess profits credit carry-over or carry-back is to be applied.* Such application or amendment should be filed within the period of time prescribed by section 322 for the filing of a claim for credit or refund for the taxable year to which the carry-over or carry-back is to be applied. * * * (e) The taxpayer shall file an application for relief under section 722 for each taxable year for which such relief is claimed, regardless of whether a constructive average base period net income has been determined with respect to such taxpayer for a prior taxable year. * * * " (Emphasis supplied.)

The Tax Court upheld the Commissioner's refusal and denied the petitioner relief, for the reason, as stated, that it had failed to claim the benefit of any possible credit carry-over, which might exist from its fiscal year 1941, in the application filed by it, or amendment made thereto, for relief under § 722 as to its fiscal year 1942. The Tax Court followed its previous similar holdings, in Lockhart Creamery v. Commissioner, 17 T.C. 1123,

1140–1143; Barry-Wehmiller Machinery Co. v. Commissioner, 20 T.C. 705; and St. Louis Amusement Co. v. Commissioner, 22 T.C. 522.

In the Lockhart Creamery case, the opinion had said: "Congress did not attempt in enacting section 722 to enumerate the requirements in connection with the taxpayer's application for relief, but the statute did authorize the Commissioner with the approval of the Secretary of the Treasury to do so. In compliance with the Code provision, the requirements of an application for relief were set forth in [the Regulations referred to above in our own opinion]. * * The computation of an unused excess profits credit * * * is by its own nature quite complicated and particularly is this so when the credit is to be increased by reason of section 722 relief. We are persuaded that for administrative reasons the formal and detailed requirements which here deny petitioner any excess profits credit carry-over based on section 722 relief for the years 1940 and 1941, were correctly prescribed by the Commissioner." 17 T.C. at page 1142.

█ Stated more concretely in relation to the case that is before us, there would not seem to be any general unreasonableness in an administrative requirement by the Commissioner that, in the complexities involved in his dealing with an application for section 722 relief as to a particular year and a determining of the amount of taxes due for the year on the basis of any such granted relief, his notice should be specifically challenged to the fact that a carry-over or carry-back credit is to be taken into account by him, through the assertion of a claim for the benefit of such carry-over or carry-back credit in the application which the taxpayer has filed or an amendment made thereto.

█ Petitioner contends, however that the requirement of the Regulations for such a claiming of benefit of unused excess profits credit is in conflict with § 710(c) (3) (B) of the Code, as amended,

and that the requirement therefore is invalid. It argues that § 710 grants and makes mandatory an automatic allowing of use of any excess profits credit carry-over, without the need to make any claim for the benefit. The provision relied on reads: "If for any taxable year beginning after December 31, 1939, the taxpayer has an unused excess profits credit, such unused excess profits credit shall be an unused excess profits credit carry-over for each of the two succeeding taxable years, except that the carry-over in the case of the second succeeding taxable year shall be the excess, if any, of the amount of such unused excess profits credit over the adjusted excess profits net income for the intervening taxable year * * *."

The brief of petitioner quotes the statement of the Tax Court in Wiener Machinery Co. Inc., v. Commissioner, 16 T.C. 48, 52, that "the procedures set forth [in § 710(c)] for the computation and carry-back and carry-over of the unused excess profits credit adjustments are mandatory". But that case did not involve the matter of relief under any of the abnormality provisions of the Code, such as § 722, and the Tax Court has not accorded it any significance or relationship in its holdings in the Lockhart Creamery, Barry-Wehmiller Machinery Co., and St. Louis Amusement Co. cases, supra, on the validity of the requirement of the Regulations for claiming the benefit of any unused excess profits credit as a carry-over or carry-back, to which the taxpayer may be entitled, in such applications as may be filed for relief under § 722(a) to have a constructive average base period net income established.

Whatever automaticness of right there may exist under § 710 to have an unused excess profits credit taken into account is entitled to be treated, we think, as the Tax Court has done, as being at most related to adjustments arising under regular tax returns and not to determinations necessary to be made of the amount of taxes due as a result of relief granted a taxpayer on its special application under § 722(a) for the establishment of a constructive average base period net income as to its excess profits.

It is to be noted that the obtaining of relief under § 722 is a matter which a taxpayer ordinarily is entitled to have considered only after it has filed its return in regular course and has paid the taxes due on the basis thereof. Subsection (d) of § 722 expressly provides that "The taxpayer shall compute its tax, file its return, and pay the tax shown on its return under this subchapter without the application of this section, except as provided in section 710(a) (5)". And it is further provided that "The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 and subject to the limitation as to amount of credit or refund prescribed in such section *makes application therefor in accordance with regulations prescribed by the Commissioner with the approval of the Secretary*". (Emphasis supplied.)

Under the plenary power given the Commissioner to prescribe regulations as to the making of application by a taxpayer for special relief under § 722 (a), we can see no violation of the language or spirit of § 710(c), in the requirement which the Commissioner has imposed, for administrative facilitation in the complex field involved, that any unused excess profits credit carry-over or carry-back, of which the taxpayer desires to have the benefit for purposes of its tax liability, must be claimed in the application filed for the special statutory relief, if the Commissioner is to be expected or compelled to take cognizance of it.

Petitioner makes the further contention that the provision of Sec. 30.-722–5, of Regulations 109, requiring such a claim to be made in a taxpayer's application for relief under § 722(a), was not promulgated until after the application under § 722(a) that is here involved had been filed, and that it therefore could not properly be made applicable to it. But the regulation provided for a right to make amendment of any application which had been previously filed and by

this means to claim the benefit of such a credit carry-over or carry-back. And even within the limitation under § 322, 26 U.S.C.A. § 322 governing the right to file an application itself, there still remained, at the time the regulation was adopted, more than a year until the period of three years from the filing of petitioner's regular tax return would expire. Thus, it would not be possible abstractly to contend that the Regulations had, in their operation against petitioner's situation, not afforded it a fair opportunity for compliance.

■ Moreover, if the situation were one in which § 322(b) (1) had been satisfied otherwise, the Commissioner could, for reasons which he might deem sufficient, have allowed the application under § 722(a) to be amended, to make claim for the benefit of any unused excess profits credit for 1941, upon request on the part of the taxpayer to him, at any time up to the final disposition of the application, which occurred in 1952. Cf. Angelus Milling Co. v. Commissioner, 325 U.S. 293, 297, 65 S.Ct. 1162, 89 L.Ed. 1619; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. But petitioner made no such request, and after its application under § 722(a) had been disposed of and the Commissioner had engaged in making determination of its tax liability on the basis thereof, it was not in a position to demand that waiver then be made of the requirement of the regulation. What the Tax Court said in the Barry-Wehmiller Machinery Co. case, supra, 20 T.C. at page 714, is applicable here: "This is not a case where respondent [can be held to have] waived the strict compliance with the regulations. He insists upon full compliance, which he may do."

■ It may be added that tax regulations are, of course, not invalid merely because they are made to have a retroactive application. Other elements or effects must be shown than this alone, before such regulations can be held to be legally unreasonable. Congress has left the Secretary of the Treasury and the Commissioner free to impose such a retroactive effect generally, by the provision of 26 U.S.C.A., Int.Rev.Code of 1939, § 3791(b), that "The Secretary, or the Commissioner with the approval of the Secretary, may prescribe the extent, if any, to which any ruling, regulation, or Treasury Decision, relating to the internal revenue laws, shall be applied without retroactive effect." Retroactivity, therefore, is not a sufficient objection to a tax regulation, which otherwise is without invalidity in its application to a taxpayer's situation.

■ The Commissioner has made, but not pressed, a suggestion that it may be doubtful whether jurisdiction exists to engage in a review of the Tax Court's decision in the situation. 26 U.S.C.A., Int.Rev.Code of 1939, Excess Profits Taxes, § 732(c) provides that "If in the determination of the tax liability under this subchapter [Excess Profits Tax] the determination of any question is necessary solely by reason of * * * section 722 [or section 721 and parts of section 711 (b) (1), which are not here involved] the determination of such question shall not be reviewed or redetermined by any court or agency except [the Tax Court]".

But the questions raised by petitioner here go to (1) whether § 710 is controlling of the situation as against the Treasury Regulations, and (2) whether the Regulations themselves are otherwise valid or applicable in the circumstances of petitioner's situation. We do not think it legally can be contended that these are determinations necessary solely by reason of § 722 of the Code.

Affirmed.