*Decision to be entered under Rule 50.*

HEADLINE PUBLICATIONS, INC. (FORMERLY AMERICAN BOYS' COMICS, INC.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38126. Filed September 30, 1957.

*Sidney Gelfand*, for the petitioner.
*Arthur N. Mindling, Esq.*, for the respondent.

1264

OPINION.

Kern, *Judge:* The sole issue for our decision is whether or not, under the circumstances here present, the statute of limitations bars

the allowance of petitioner's claim to an unused excess profits credit carryover and carryback from the fiscal years 1944 and 1946, respectively, to the fiscal year 1945.

There is no doubt that the amended claim was filed after the statute of limitations had run and thus cannot possibly be considered independently as a timely claim for the benefit of a constructive unused excess profits credit carryover and carryback from the fiscal years 1944 and 1946. Petitioner alleges, however, that its original application inferentially but effectively included a claim for its benefit of an excess profits credit carryover and carryback, since the figure used in the original application as to the amount of refund claimed could not have been arrived at without the inclusion in its computation of claims for a carryover and carryback. Thus, petitioner argues that the amended claim merely sets forth in specific words what was inherent in the original application. *Packer Publishing Co.*, 17 T. C. 882, remanded on other issues 211 F. 2d 612.

In the alternative, petitioner argues that the amended claim may be properly considered since it involved no new research on the part of the respondent, and the facts necessary to dispose of the amended claim must, of necessity, have been considered in conjunction with the original application for a refund. In support of its position, petitioner cites *Bemis Bros. Bag Co.* v. *United States*, 289 U. S. 28; *United States* v. *Memphis Cotton Oil Co.*, 288 U. S. 62; *Pink* v. *United States*, 105 F. 2d 183, and the cases decided thereunder. We are unable to agree with petitioner on either theory.

The statutory law, as found in sections 322 (b) (1) and (6), and 722 (d), may be summarized as follows: Section 322 (b) (1) provides that a claim for a credit or refund must be filed within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever is the longer period; section 322 (b) (6) provides, in the case of an unused excess profits credit carryback, a special period or limitation which "ends with the expiration of the fifteenth day of the thirty-ninth month following the end of the taxable year of * * * the unused excess profits credit which results in such carryback * * *"; section 722 (d) denies a taxpayer the benefits of section 722, unless within the period of time described by section 322 it makes application for such benefits. The pertinent provisions of Regulations 112, as amended, are set forth in the margin.[2]

---

[2] SEC. 35.722–5. APPLICATION FOR RELIEF UNDER SECTION 722.—(a) **Requirements for filing.**—Except as provided in section 710 (a) (5) and section 35.710–5 (relating to deferment of payment of excess profits tax in certain cases under section 722) and except as provided in (d) of this section, the taxpayer is not permitted to claim the benefits of section 722 in computing its excess profits tax on its return, but must compute its excess profits tax, file its excess profits tax return, and pay the tax thus shown on such return without regard to the provisions of section 722. To obtain the benefits of section 722 for any taxable year, the taxpayer must, within the period of time for filing a claim for credit

Petitioner's original application, filed on Form 991, contained very little information. The only figures given were the requested refund of $24,948.91, and a requested constructive average base period net income (cabpni) for the fiscal year 1945 of $22,540. The only explanation of the claim given referred to the "details of reconstruction of base period earnings included in data filed with claim for relief from excess profits tax for the fiscal year ended November 30, 1943." Petitioner does not argue that the claim for the fiscal year 1943 included as a ground for relief an unused excess profits credit carryback from the fiscal year 1944. Rather, it argues that the amount of relief claimed for 1945 in the original application could only have been arrived at by including in its computation a consideration of an excess profits credit carryover from 1944 and of a carryback from 1946, each in a considerable amount, and that such a computation was made by petitioner's counsel.

We assume, *arguendo*, the correctness of the factual basis for this argument, but we point out that such a computation was not included in the claim for relief and that the fact of such a computation was never in any way communicated to respondent until 1951. Indeed, as late as 1950 it appears to have been forgotten or considered inconsequential by petitioner's counsel himself since, as late as March

---

or refund and subject to the limitation as to amount of credit or refund prescribed by section 322 as applicable to the taxable year for which relief is claimed, file under oath an application on Form 991 (revised January, 1943) for the benefits of section 722, unless the taxpayer has deferred on its return a portion of its excess profits tax under section 710 (a) (5), or unless the provisions of (d) and (e) of this section are applicable to the taxpayer. * * *

\*     \*     \*     \*     \*     \*     \*

Except as otherwise provided in this section, the application on Form 991 (revised January, 1943) must set forth in detail and under oath each ground under section 722 upon which the claim for relief is based, and facts sufficient to apprise the Commissioner of the exact basis thereof. It is incumbent upon the taxpayer to prepare a true and complete claim and to substantiate it by clear and convincing evidence of all the facts necessary to establish the claim for relief; failure to do so will result in the disallowance of the claim. * * * No new grounds presented by the taxpayer after the period of time for filing a claim for credit or refund prescribed by section 322, and no new grounds or additional facts presented after the disallowance, in whole or in part, of the application for relief and the claim for refund based thereon, will be considered in determining whether the taxpayer is entitled to relief or the amount of the constructive average base period net income to be used in computing such relief for the taxable year.

\*     \*     \*     \*     \*     \*     \*

In order to obtain the benefits of an unused excess profits credit for any taxable year for which an application for relief on Form 991 (revised January, 1943) was not filed, using the excess profits credit based on a constructive average base period net income as an unused excess profits credit carry-over or carry-back, the taxpayer, except as otherwise provided in (d) of this section, must file an application on Form 991 (revised January, 1943) for the taxable year to which such unused excess profits credit carry-over or carry-back is to be applied within the period of time prescribed by section 322 for the filing of a claim for credit or refund for such latter taxable year. In addition to all other information required, such application shall contain a complete statement of the facts upon which it is based and which existed with respect to the taxable year for which the unused excess profits credit so computed is claimed to have arisen, and shall claim the benefit of the unused excess profits credit carry-over or carry-back. * * *

11, 1950, he was stating in a formal amendment of petitioner's claim that "taxpayer originally claimed a reconstructed excess profits credit in an amount sufficient to eliminate the entire excess profits tax for the fiscal year ended November 30, 1945 without the benefit of unused excess profits credit carry-over and carry-back." Even assuming the correctness of the facts urged by petitioner, the original application still does not meet the requirements of respondent's regulations. Regulations 112 clearly require that a refund claim for excess profits taxes paid, based on an unused excess profits credit determined on the basis of a CABPNI, must be specifically claimed by the taxpayer. The validity and propriety of these regulations have been repeatedly recognized by this Court. *May Seed & Nursery Co.*, 24 T. C. 1131, affd. 242 F. 2d 151; *St. Louis Amusement Co.*, 22 T. C. 522; *Barry-Wehmiller Machinery Co.*, 20 T. C. 705; *Nielsen Lithographing Co.*, 19 T. C. 605; *Lockhart Creamery*, 17 T. C. 1123. It is obvious that merely asking for a larger refund than petitioner would have been entitled to if its CABPNI was determined to be in the amount prayed for is not "a complete statement of the facts upon which [the carryover or carryback claim] is based and which existed with respect to the taxable year for which the unused excess profits credit so computed is claimed to have arisen * * *." No claim for relief under section 722 was ever filed for the fiscal years 1944 and 1946. After a careful scrutiny of the record we can only conclude that petitioner's original application for relief failed to satisfy the requirements set forth in Regulations 112. *Barry-Wehmiller Machinery Co., supra.*

Petitioner relies heavily on *Packer Publishing Co., supra*, and *Wilmington Gasoline Corporation*, 27 T. C. 500. In the *Packer Publishing* case, however, we found as a fact that (p. 892)—

[Petitioner's] application for relief for 1944 contained, among other matters, a computation of tax which took account of an unused excess profits credit carry-over from 1942 in an amount equal to the unused excess profits credit carry-over from 1942 shown in its application for relief for 1943. The application for relief for 1944 stated that it incorporated by reference all matters contained in relief applications for other years, and stated that it relied for support of the claim upon the statement of facts attached to the application for relief for 1943. * * *

In the instant case, there was no incorporation by reference of any prior claim of, or specific reference to, a carryover or carryback, nor was the computation of tax referred to by petitioner contained in the application for relief for 1945.

Petitioner's reliance on *Wilmington Gasoline Corporation, supra*, is misplaced. There is no doubt that respondent can waive the specificity required in his regulations, and that a consideration of the merits of the claim may act as such waiver. *United States* v. *An-*

*drews*, 302 U. S. 517; *United States* v. *Garbutt Oil Co.*, 302 U. S. 528. See also *United States* v. *Memphis Cotton Oil Co., supra; Eisenstadt Manufacturing Co.*, 28 T. C. 221; *Wilmington Gasoline Corporation, supra; Martin Weiner Corp.*, 26 T. C. 128. In this case, however, the record clearly indicates no waiver by the respondent, either expressed or implied. The Field Committee originally rejected the amended claim as untimely. The statutory notice of deficiency, dated October 5, 1951, does not go into the merits but rather disallows the carryover and carryback solely on the ground that the amended claim was not timely filed. In 1956 (shortly before the trial of this case), and *solely* for the purpose of stipulating all the factors necessary to a decision by this Court, respondent's agents determined the CABPNI for the fiscal years 1944 and 1946 after a conference with petitioner's representative. This determination was affirmed by the Excess Profits Tax Council. Its report indicates that this determination would become necessary if we found in favor of the taxpayer on the statute of limitations issue. Under these circumstances we cannòt hold that the respondent waived the requirements contained in his regulations by a consideration on the merits of the amended claim.

We are not unmindful of the recent decision of the Seventh Circuit in *H. Fendrich, Inc.* v. *Commissioner*, 242 F. 2d 803, reversing 25 T. C. 262, called to our attention by petitioner in a supplemental reply brief. In that case, petitioner amended its section 722 refund claim after the statute of limitations had expired but before a Tax Court decision had been rendered so as to include a new "standard issue" claim. The Seventh Circuit held that petitioner's timely application for relief under section 722 suspended the statute of limitations as to all pertinent issues for the same year, provided such issues were raised before a final determination was made on the 722 issue. The factual differences between that case and the instant case are readily apparent. In the instant case the amended claim did not involve "standard issues" relating to the same taxable year but another 722 issue involving different years and relating to claims for carryover and carryback of unused excess profits credits from those years for which no refund claims were timely filed. In the presence of such factual differences we cannot regard the decision in the *Fendrich* case as controlling herein.

In the alternative, petitioner contends that the amended claim, though filed in 1950, was not barred by section 322 since action on the amended claim did not entail any new research and, therefore, was a permissible amendment to the original application and not a new claim. Petitioner contends that so long as all the facts were "know-

able to the respondent so that no new research was required of him," the amended claim is timely since it was filed before rejection of the original application.

The general rule involved was succinctly set forth by the Second Circuit in *Pink* v. *United States, supra.*

Where the facts upon which the amendment is based would necessarily have been ascertained by the commissioner in determining the merits of the original claim, the amendment is proper. Bemis Bros. Bag Co. v. United States, 289 U. S. 28 * * *; United States v. Memphis Cotton Oil Co., 288 U. S. 62 * * *; United States v. Factors & Finance Co., 288 U. S. 89 * * *. The rule is otherwise when the amendment requires the examination of new matters which would not have been disclosed by an investigation of the original claim. United States v. Andrews, 302 U. S. 517 * * *; United States v. Garbutt Oil Co., 302 U. S. 528 * * *; Marks v. United States, 2 Cir., 98 F. 2d 564 * * *

In our opinion, the original application did not adequately apprise the respondent of the requested carryover and carryback. The original application called on the respondent to investigate only the fiscal year 1945. Respondent had no need to and, in fact, did not ascertain the relevant facts necessary for determination of the amended claim. Investigation of the requested carryover and carryback of necessity requires investigation of the question as to the correct CABPNI for the fiscal years 1944 and 1946. Thus, when the parties desired to stipulate the CABPNI for the fiscal years 1944 and 1946 for the purposes of this trial, a further investigation had to be held and more information was elicited. The fact that some of this information was negative in character and to the effect that there was no material change in petitioner's business for 1944 and 1946 is irrelevant; it was still information elicited by further investigation. For these reasons we think the amended claim called for an investigation of facts and circumstances not called for by the original application and was thus barred by section 322. *Pink* v. *United States, supra; Utility Appliance Corporation*, 26 T. C. 366.

On brief, the respondent has conceded that petitioner is entitled to carry back to the year 1945 an unused excess profits credit as determined on the invested capital credit basis for the fiscal year 1946. Because of this concession, a Rule 50 recomputation is necessary, in which effect will also be given to the agreements reached by the parties relating to other issues originally raised by the pleadings.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*