Royal Frocks, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 41614. Filed January 31, 1958.

*Sidney Gelfand*, for the petitioner.
*Emil Sebetic, Esq.*, for the respondent.

#### OPINION.

Forrester, *Judge:* The respondent has determined deficiencies in petitioner's income tax and overassessments of its excess profits tax as follows:

| Year ended June 30 | Deficiency income tax | Overassessment excess profits tax |
|---|---|---|
| 1943 | $10, 739. 82 | $18, 270. 55 |
| 1944 | 10, 416. 60 | 16, 463. 71 |

The events preceding such determinations were that the petitioner had filed timely claims for relief under section 722 of the Internal Revenue Code of 1939 for the taxable years noted above and the respondent had allowed in part the amounts so claimed by petitioner as its constructive average base period net income, to which CABPNI the petitioner now agrees.

The sole issue remaining for our determination (and the parties have so stipulated) is whether or not the applicable statute of limitations bars the allowance of petitioner's claims to an unused excess profits credit carryback, based upon the agreed-to CABPNI, from the taxable year ended June 30, 1945, to the taxable years ended June 30, 1943 and 1944, to the extent applicable. The parties have stipulated further that in the event its claim for an unused excess profits credit carryback from the fiscal year 1945 is not barred by the applicable statute of limitations, then petitioner is entitled to an excess profits credit of $45,150 for fiscal year 1945 solely for the purpose of computing unused excess profits credit carryback from said year.

All of the facts have been stipulated and are incorporated herein by this reference.

Petitioner is a New York corporation engaged in the manufacture of women's clothing, with principal offices in New York, New York, and reports its income for Federal tax purposes on the basis of a fiscal year ending June 30. For the years 1943, 1944, and 1945, petitioner filed its corporation income and excess profits tax returns with the then collector of internal revenue for the third district of New York. The dates on which the returns were filed are as follows:

| Year | Date filed |
| --- | --- |
| 1943 | Sept. 15, 1943 |
| 1944 | Oct. 26, 1944 |
| 1945 | Sept. 14, 1945 |

Petitioner had been granted a 2-month extension for filing its 1944 returns. All returns were therefore timely.

The petitioner paid excess profits taxes for the fiscal years 1943, 1944, and 1945 in the amounts as follows:

| Year | Amount |
| --- | --- |
| 1943 | $22, 321. 82 |
| 1944 | 20, 804. 15 |
| 1945 | 623. 43 |

There has been no showing as to when these payments were made except that the parties have stipulated that, as to the year 1944, $1,187.52 ($1,025.38 and interest of $162.14) was paid on May 19, 1948.

Petitioner and respondent, by agreement on Form 872, extended the statute of limitations governing the assessment and collection of Federal taxes for the fiscal year 1944 to June 30, 1948. No agreement was entered into extending the statute of limitations for either fiscal year 1943 or 1945.

Petitioner has filed no application for relief under section 722 of the Internal Revenue Code of 1939 with respect to its fiscal year 1945 but on September 11, 1946, did file a timely application, on Form 991, for excess profits tax relief for its fiscal year 1943. A like application for

its fiscal year 1944 was filed by petitioner on April 23, 1947. Both applications requested a total refund of all excess profits taxes paid for the applicable year. Each application claimed a constructive average base period net income of $75,120, computed under section 722 (b) (4). No reference or claim was made in either application with respect to any right of the petitioner to use or apply any unused excess profits credit carryback.

The above-mentioned applications for relief were referred to the section 722 Field Committee which, in a report dated January 15, 1948, and transmitted to petitioner on March 12, 1948, proposed a partial allowance of petitioner's claims. On June 8, 1948, petitioner filed a protest to the proposed determination directing objection to the amount of the proposed constructive average base period net income. Neither this report nor this protest made reference or gave consideration with respect to any right of petitioner to use or apply any unused excess profits credit carryback from the fiscal year 1945.

On November 29, 1949, the section 722 Field Committee held a conference in New York, New York, at which petitioner was represented. The conference was held for the purpose of affording petitioner an opportunity to present additional arguments and data concerning its section 722 claims.

On March 11, 1950, petitioner filed additional Forms 991 with respect to the fiscal years 1943 and 1944. The printed heading of the forms was changed to read "Amendment to Application For Relief Under Section 722 of The Internal Revenue Code." The typewritten statement attached to the portion of the printed form which was used for the year ended June 30, 1943, read in part as follows:

Further to the application of Royal Frocks, Inc., for relief from excessive excess profits tax for the fiscal year ended June 30, 1943, claim is hereby made, in the event the excess profits credit determined pursuant to the provisions of Section 722 is an amount not sufficient to eliminate all the excess profits tax for the fiscal year ended June 30, 1943, for an unused excess profits credit carry-over from the fiscal year ended June 30, 1942, and an unused excess profits credit carryback from the fiscal year ended June 30, 1945.

A similar typewritten statement was attached to the form for the year ended June 30, 1944, with the exception that the portion requesting a carryover from the fiscal year 1942 was omitted.

On April 17, 1950, petitioner's section 722 applications were referred by the section 722 Field Committee to the Chairman of the Excess Profits Tax Council in Washington, D. C. Petitioner was represented in a conference with the Excess Profits Tax Council in Washington, D. C., on July 28, 1950, and on August 24, 1950, this Council transmitted a letter to petitioner notifying it that the Executive Committee of the Council had approved the allowance of a constructive average base period net income of $45,000 for each of the years ended June 30,

1943 through 1945. The letter contained a specific reference to the year ended June 30, 1945, as follows:

The panel's determination includes the year ended June 30, 1945, but is contingent for that year upon the existence of a timely-filed claim for carry-back of unused credit.

A Form EPC-1 was referred to in and enclosed with this letter to expedite disposition of the case, setting forth the constructive average base period net income proposed. The fact that the constructive average base period net income for the year ended June 30, 1945, was for carryback purposes only was noted.

On November 17, 1950, petitioner was advised by the internal revenue agent in charge, Upper New York division, that the unused excess profits credit carryback from the fiscal year 1945 to the fiscal year 1943 of $10,171.45 was not being allowed because the claim applying therefor was held to be untimely.

The pleadings in this case show that the Commissioner of Internal Revenue, by his letter of March 31, 1952, disallowed petitioner's claims for fiscal years 1943 and 1944 in part, *inter alia*, by not allowing any unused excess profits credit carryback from fiscal year 1945.

Petitioner also asserted in its petition to this Court, but has now abandoned the points, (1) that it was entitled to an excess profits credit carryover from the year 1942 to the year 1943 and (2) that the amended applications filed on March 10, 1950, were timely as to the payment of $1,187.52 for the taxable year 1944, paid on May 19, 1948.

The issue presented herein has been fully dealt with by the recent decisions of this Court in *Headline Publications, Inc.*, 28 T. C. 1263, and *Feature Publications, Inc.*, 29 T. C. 313, and we rely on the principles enunciated in those decisions.

Petitioner is here asking the benefit of unused excess profits credit carryback based on a CABPNI from its fiscal year 1945 to its fiscal years 1943 and 1944 even though no mention of carryback credits to the latter years was made in its timely filed applications for relief as to those years or until petitioner filed so-called amended applications after the statute of limitations in each case had run.

Reviewed by the Special Division.

*Decision will be entered under Rule 50.*